## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTAUR PA LAND, LP, et al.,** | : | **Case No. 09-13760 (KJC)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTAUR COLORADO, LLC,** | : | **Case No. 10-10800 (KJC)** |
| | : | |
| Debtor. | : | |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTAUR INDIANA, LLC,** | : | **Case No. 10-10805 (KJC)** |
| | : | |
| Debtor. | : | |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTAUR PA LAND GENERAL PARTNER, LP,** | : | **Case No. 10-10808 (KJC)** |
| | : | |
| Debtor. | : | |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTAUR PA LAND MANAGEMENT, LLC,** | : | **Case No. 10-10806 (KJC)** |
| | : | |
| Debtor. | : | |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTAUR PENNSYLVANIA, LLC,** | : | **Case No. 10-10804 (KJC)** |
| | : | |
| Debtor. | : | |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTAUR RACING, LLC,** | : | **Case No. 10-10802 (KJC)** |
| | : | |
| Debtor. | : | |
| | : | |

| | |
|---|---|
| **In re** | : **Chapter 11** |
| | : |
| **CENTAUR, LLC,** | : **Case No. 10-10799 (KJC)** |
| | : |
| **Debtor.** | : |
| | : |
| **In re** | : **Chapter 11** |
| | : |
| **HOOSIER PARK, L.P.,** | : **Case No. 10-10801 (KJC)** |
| | : |
| **Debtor.** | : |
| | : |
| **In re** | : **Chapter 11** |
| | : |
| **HP DINING & ENTERTAINMENT, LLC,** | : **Case No. 10-10803 (KJC)** |
| | : |
| **Debtor.** | : |
| | : |
| **In re** | : **Chapter 11** |
| | : |
| **VALLEY VIEW DOWNS GP, LLC,** | : **Case No. 10-10809 (KJC)** |
| | : |
| **Debtor.** | : |
| | : |
| **In re** | : **Chapter 11** |
| | : |
| **VVD PROPERTIES GENERAL PARTNER, LLC,** | : **Case No. 10-10807 (KJC)** |
| | : |
| **Debtor.** | : |
| | : |
| **In re** | : **Chapter 11** |
| | : |
| **VVD PROPERTIES, LP,** | : **Case No. 10-10810 (KJC)** |
| | : |
| **Debtor.** | : |
| | : |

### DEBTORS' MOTION FOR AN ORDER DIRECTING
### JOINT ADMINISTRATION OF THE CHAPTER 11 CASES

The affiliated debtors and debtors in possession in the above-captioned chapter 11

cases (collectively, the "Debtors") hereby file this motion (the "Motion"), pursuant to section

105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"),

2

Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order directing joint administration of their respective chapter 11 cases under the case of Centaur PA Land, LP, Case No. 09-13760 (KJC) (the "Lead Case"). The Debtors have filed, contemporaneously herewith, the Declaration of Kurt E. Wilson in Support of First Day Motions (the "First Day Declaration"), which is incorporated herein by reference. In support of the Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. This Court has jurisdiction to hear the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### A. The Bankruptcy Cases

2. On October 28, 2009 (the "Original Petition Date"), Centaur PA Land, LP and Valley View Downs, LP (together, the "First Filed Debtors") each commenced chapter 11 cases in this Court by filing voluntary petitions for relief under the Bankruptcy Code. The Court granted joint administration of the First Filed Debtors' chapter 11 cases by Order dated October 30, 2009 [Case No. 09-13760, D.I. 14].

3. On March 6, 2010 (the "Petition Date"), each of the remaining Debtors in the above-referenced chapter 11 cases (collectively, the "New Debtors") commenced chapter 11 cases in this Court by filing voluntary petitions for relief under the Bankruptcy Code. The Debtors include both the First Filed Debtors and the New Debtors.

3

4.     The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     No creditors' committee has yet been appointed in these cases. Further, no examiner or trustee has been requested or appointed in any of the Debtors' chapter 11 cases.

6.     On the Petition Date, the New Debtors filed motions with this Court seeking, among other things, (i) the joint administration, for procedural purposes only, of their chapter 11 cases with those of the First Filed Debtors, and (ii) to apply certain relief granted in the First Filed Debtors' cases to the New Debtors' chapter 11 cases.

## B.     Overview of the Debtors' Business Operations

7.     The Debtors are leading domestic horse racing, off-track betting ("OTB") and casino operators with approximately 219,000 square feet of combined gaming space. The Debtors currently own, operate, and/or have interests in racing and casino facilities in five distinct gaming markets in Indiana and Colorado, with a project in progress in northwest Pennsylvania. The Debtors employ approximately 1,300 full and part-time individuals.

8.     The Debtors own and operate Hoosier Park, a casino and horse racing track in Anderson, Indiana, along with three OTB facilities located in downtown Indianapolis, Fort Wayne and Merrillville (collectively, the "OTB Facilities"). Hoosier Park is one of two horse racing tracks in Indiana with seating capacity for 2,750 racing patrons and offering 143 days of live racing per year. Fully integrated with Hoosier Park's racing facilities is a Las Vegas-style, 92,000 square-foot casino building with nine bars and restaurants. The single-level casino floor features 2,000 slot machines and electronic table games including craps, poker,

4

blackjack and roulette. The three OTB Facilities average 22,500 square feet and seat 400 patrons, on average.

9.     The Debtors also own the Fortune Valley Hotel & Casino ("Fortune Valley") in Central City, Colorado, located approximately 35 miles west of Denver. Fortune Valley's 37,000 square feet of gaming space offers nearly 750 slot, video poker and video keno machines and live table games including craps, roulette, blackjack and poker. The two-floor complex also offers three restaurants, two bars and a multi-story hotel featuring 118 guest rooms and a parking garage.

10.     The Debtors hold a racing, gaming and entertainment development opportunity, to be known as "Valley View Downs", in Lawrence County, Pennsylvania, 55 miles northwest of Pittsburgh. The Debtors currently own approximately 250 acres of land upon which they plan to construct Valley View Downs. In September 2007, the Debtors secured a racing license for Valley View Downs which entitles the Debtors to a gaming license subject to securing certain regulatory approvals. As of the Petition Date, the Debtors have not yet secured all necessary approvals and licenses for the completion of Valley View Downs.

11.     The Debtors' businesses generate positive cash flow from operations. For the fiscal year ended December 31, 2008, the Debtors generated approximately $184 million in revenues. For the fiscal year ended December 31, 2009, the Debtors generated approximately $277.5 million in revenues. As of the Petition Date, the Debtors' books and records (on a consolidated basis) reflected assets totaling approximately $584 million and liabilities totaling approximately $681 million.

## C.     Corporate Structure

12.     The Debtors are wholly-owned, indirect subsidiaries of Centaur, LLC, a

5

wholly-owned direct subsidiary of Centaur Gaming, LLC ("Holdings"). Holdings is wholly-owned by Centaur, Inc. (together with Centaur, LLC, Holdings and their affiliates and subsidiaries, including the Debtors, the "Company"). Centaur, LLC is the operating company that coordinates the management of the Hoosier Park (and related OTB Facilities) operations, the Fortune Valley operations and the proposed Valley View Downs operations. Neither Centaur, Inc. nor Holdings is a Debtor in these chapter 11 cases.

13.     In connection with guarantees of the First and Second Lien Debt (each as defined below) issued by Centaur, LLC's direct and indirect subsidiaries, there are thirteen restricted subsidiaries of Centaur, LLC, including Centaur Pennsylvania, LLC; VVD Properties General Partner, LLC; Valley View Downs GP, LLC; VVD Properties, LP; Valley View Downs, LP; Centaur PA Land Management, LLC; Centaur PA Land General Partner, LP; Centaur PA Land, LP; HP Dining & Entertainment, LLC; Hoosier Park, L.P.; Centaur Racing, LLC; Centaur Indiana, LLC; and Centaur Colorado, LLC (collectively, the "Restricted Subsidiaries"), and five unrestricted subsidiaries of Centaur, LLC (collectively, the "Unrestricted Subsidiaries"). The Restricted Subsidiaries own substantially all of the Company's material assets. The Unrestricted Subsidiaries currently generate no revenue and hold no material assets other than approximately 194 acres of land in Pennsylvania. The Unrestricted Subsidiaries are not Debtors in these chapter 11 cases.

## D.     Debt Structure[1]

14.     First Lien Debt. On or about September 17, 2008, Holdings, Centaur,

---

[1]     To the extent there is any conflict between the description of the Debtors' debt structure set forth herein and the description of the Debtors' debt structure set forth in any interim order entered by the Court (the "Interim Cash Collateral Order") granting the Debtors' emergency motion for, among other things, use of cash collateral, which is being filed contemporaneously herewith, the description of the Debtors' debt structure set forth in the Interim Cash Collateral Order shall control.

6

LLC and the Restricted Subsidiaries entered into a $610 million amended and restated first lien revolving credit and term loan agreement (the "First Lien Credit Facility") with Credit Suisse, Cayman Islands Branch ("Credit Suisse"), as administrative agent and collateral agent (the "First Lien Agent") and certain lenders from time to time party thereto (collectively, the "First Lien Lenders"). The First Lien Credit Facility provides for (i) a first lien security interest in, and lien on, substantially all property and assets of Centaur, LLC and the Restricted Subsidiaries (collectively, the "Collateral"), (ii) a first lien guarantee of all obligations under the First Lien Credit Facility and related documents by the Restricted Subsidiaries and (iii) a first lien equity pledge by Holdings of all its equity interests in Centaur, LLC. In addition, Centaur, LLC entered into certain Interest Rate Swap Agreements (collectively, the "Swaps") with Credit Suisse to manage the risk associated with the variable interest rate under the First Lien Credit Facility. Obligations owing under the Swaps are secured ratably with the obligations owing under the First Lien Credit Facility.

15.     As of the Petition Date, not less than $382.5 million in principal amount was outstanding under the First Lien Credit Facility comprised of: approximately $15.0 million outstanding under the revolving loan, approximately $338.8 million outstanding under the term loan; and approximately $28.7 million recorded as a liability under the Swaps (and with all accrued but unpaid interest, costs, fees, charges and expenses (including default interest, as applicable) owing under the First Lien Credit Facility and the Swaps, collectively, the "First Lien Debt").

16.     Second Lien Debt. On or about September 17, 2008, Holdings, Centaur, LLC and the Restricted Subsidiaries entered into a $180 million amended and restated second lien revolving and term loan agreement (the "Second Lien Credit Facility") with Wells Fargo

7

Bank, N.A. as successor administrative agent and successor collateral agent (the "Second Lien Agent, and together with the First Lien Agent, the "Prepetition Agents") and certain lenders from time to time party thereto (collectively, the "Second Lien Lenders" and together with the First Lien Lenders and any agents or other parties secured under the First Lien Credit Facility or the Second Lien Credit Facility, the "Prepetition Secured Parties"). The Second Lien Credit Facility provides for (i) a second lien security interest in, and lien on, the Collateral, (ii) a second lien guarantee of all obligations under the Second Lien Credit Facility and related documents by the Restricted Subsidiaries and (iii) a second lien equity pledge by Holdings of all its equity interests in Centaur, LLC.

17.     As of the Petition Date, approximately $192 million in principal amount was outstanding under the Second Lien Credit Facility (the "Second Lien Debt").

18.     <u>Pennsylvania Cash Collateralized L/C</u>. In October 2007, Credit Suisse AG, Cayman Islands Branch (the "L/C Issuer") extended a letter of credit in the amount of $50 million (the "Existing L/C") to the Commonwealth of Pennsylvania in connection with the Debtors' application for a gaming license in Pennsylvania. The Existing L/C Issuer holds a $50 million cash deposit in an account in the name of the Existing L/C Issuer to secure the Existing L/C.

19.     The Existing L/C was set to expire by its terms on October 30, 2009. The Debtors were unable to obtain an extension of the Existing L/C absent the grant of protections that only this Court could provide. As a consequence, the First Filed Debtors filed chapter 11 cases in this Court on the Original Petition Date. The Court approved an initial amendment of the Existing L/C by the L/C Issuer to extend the term thereof until January 29, 2010 on an interim basis on October 30, 2009 [Case No. 09-13760, D.I. 15] and on a final basis on

8

November 23, 2009 [Case No. 09-13760, D.I. 50]. The Court approved a further amendment of the Existing L/C by the L/C Issuer to extend the term thereof for an additional ninety (90) days until April 29, 2010 by Order dated January 25, 2010 [Case No. 09-13760, D.I. 82].

**E.      Events Leading Up to These Chapter 11 Cases**

20.      The Debtors have suffered substantial delays related to the licensing and construction of Valley View Downs. The lack of cash flow from this project, combined with the payment of a $250 million licensing fee in Indiana, and the weakened economy have created a situation where operations do not generate sufficient cash flow to support the interest expense under the First and Second Lien Credit Facilities.

21.      On October 27, 2009, scheduled interest payments were due to the First and Second Lien Lenders under the First and Second Lien Credit Facilities. While the Debtors have adequate liquidity to operate their businesses, they failed to make such interest payments because they did not have sufficient liquidity to cover the interest payments. Since then, the Debtors have been operating in default of their obligations under the First and Second Lien Credit Facilities while engaging in negotiations with their lenders regarding a consensual, comprehensive restructuring of their debt and a recapitalization of their businesses. Although the Debtors have made substantial progress toward reaching a consensual agreement with the First Lien Lenders and anticipate filing a proposed plan of reorganization in the very near term, discussions with their lenders remain ongoing.

22.      Pursuant to that certain Intercreditor Agreement, dated October 30, 2007, and amended on September 18, 2008, among Centaur, LLC, the First Lien Lenders and the Second Lien Lenders, the Second Lien Lenders were prohibited from exercising any remedy for any default under the Second Lien Credit Facility only until March 6, 2010—the 120th day

9

following the date upon which the collateral agent under the Second Lien Credit Facility declared the existence of an event of default under the Second Lien Credit Facility (the "Standstill Period"). The Debtors determined that, once the Standstill Period expired, it would no longer be prudent to continue operating without the protection of this Court. Consequently, to preserve the Debtors' businesses as going concerns and to facilitate the restructuring of their debt, the New Debtors commenced chapter 11 cases on the Petition Date to obtain the protection that only this Court could provide.

**Relief Requested**

23.     By the Motion, the Debtors respectfully request that this Court enter an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, substantially in the form as attached hereto as Exhibit B, directing the joint administration, for procedural purposes only, of the chapter 11 cases under the Lead Case.[2]

**Basis for Relief**

24.     Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. 11 U.S.C. § 101(2). Accordingly, this Court is authorized to grant the relief requested herein. Further, this Court has previously granted similar relief to the relief requested herein. See, e.g., In re Magna Entm't Corp., Case No. 09-10720 (MFW) (Bankr. D. Del. Mar. 6, 2009); In re

---

[2]     Two of the Debtors, Centaur PA Land, LP ("Centaur PA") and Valley View Downs, LP ("VVD LP"), commenced their cases under chapter 11 of the Bankruptcy Code on October 28, 2009. By Order dated October 30, 2009 [Case No. 09-13760, D.I. 14], the chapter 11 cases of Centaur PA and VVD LP are already being jointly administered under the Lead Case. This Motion requests that the chapter 11 cases of the Debtors that filed chapter 11 cases on the Petition Date be jointly administered under the Lead Case along with those of Centaur PA and VVD LP.

10

Aleris Int'l, Inc., 09-10478 (BLS) (Bankr. D. Del. Feb. 13, 2009); In re Wash. Mut., Inc., Case

No. 08-12229 (MFW) (Bankr. D. Del. Oct. 3, 2008); In re New Century TRS Holdings, Inc.,

Case No. 07-10416 (KJC) (Bankr. D. Del. Apr. 3, 2007).

    25. In addition, Local Rule 1015-1 provides in relevant part as follows:

> An order of joint administration may be entered . . . upon the filing
> of a motion for joint administration . . . supported by an affidavit,
> declaration or verification, which establishes that the joint
> administration of two or more cases pending in this Court under
> title 11 is warranted and will ease the administrative burden for the
> Court and the parties.

Del. Bankr. L.R. 1015-1.

    26. Joint administration of the Debtors' respective estates is warranted and
will ease the administrative burden for the Court and all parties to these chapter 11 cases. Many
of the motions, hearings and orders that will arise in these chapter 11 cases will jointly affect
each and every Debtor. By jointly administering the Debtors' chapter 11 cases, the Debtors will
be able to reduce fees and costs resulting from the administration of these cases and ease the
onerous administrative burden of having to file multiple documents.

    27. The rights of the Debtors' respective creditors will not be adversely
affected by the joint administration of these chapter 11 cases because this Motion requests only
procedural and administrative, not substantive, consolidation of the estates. Thus, all of the
Debtors' creditors will benefit from the reduced costs as a result of such joint administration.
This Court also will be relieved of the burden of entering duplicative orders and maintaining
duplicative files. Finally, supervision of the administrative aspects of these chapter 11 cases by
the Office of the United States Trustee will also be simplified.

    28. Based on the foregoing, the joint administration of the above-captioned
cases is in the best interests of the Debtors, their creditors, and all parties in interest.

MIAMI 864645 (2K)

Accordingly, the Debtors request that the caption of their chapter 11 cases be modified to reflect the joint administration of the chapter 11 cases, as set forth in Exhibit A attached hereto (the "Proposed Caption").

29. Pursuant to section 342(c)(1) of the Bankruptcy Code "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1). The Proposed Caption contains all of the required information and, therefore, satisfies the terms of section 342(c)(1) of the Bankruptcy Code.[3]

30. The Debtors further request that a docket entry be made in each of the above-captioned cases (other than the Lead Case) which provides substantially as follows:

> An Order has been entered in this chapter 11 case directing the joint administration, for procedural purposes, of the chapter 11 cases of Centaur, LLC (8148); Centaur Colorado, LLC (9131); Centaur Indiana, LLC; Centaur Racing, LLC; Hoosier Park, L.P. (0820); HP Dining & Entertainment, LLC; Centaur Pennsylvania, LLC; VVD Properties General Partner, LLC; Valley View Downs GP, LLC; VVD Properties, LP (6808); Valley View Downs, LP (1028); Centaur PA Land Management, LLC; Centaur PA Land General Partner, LP; and Centaur PA Land, LP. The docket in Case No. 09-13760 (KJC) should be consulted for all matters affecting these cases.

### Notice

31. Notice of this Motion has been provided to (a) the Office of the United States Trustee for the District of Delaware; (b) Credit Suisse, Grand Cayman Branch, as issuer of a letter of credit in favor of the Commonwealth of Pennsylvania; (c) the administrative agents under the Debtors' prepetition credit facilities and their respective counsel; (d) the Debtors'

---

[3] The Debtors note, however, that the Proposed Caption does not include the last four digits of taxpayer identification numbers for Centaur Indiana, LLC; Centaur Racing, LLC; HP Dining & Entertainment, LLC; Centaur Pennsylvania, LLC; VVD Properties General Partner, LLC; Valley View Downs GP, LLC; Centaur PA Land Management, LLC; Centaur PA Land General Partner, LP; or Centaur PA Land, LP as none of these entities have been issued such a number by the Internal Revenue Service.

12

thirty (30) largest known unsecured creditors on a consolidated basis as of the Petition Date; (e) the Pennsylvania Gaming Control Board of the Commonwealth of Pennsylvania; (f) the Pennsylvania Harness Racing Commission; (g) the Indiana Horse Racing Commission; (h) the Indiana Gaming Commission; (i) the Colorado Limited Gaming Control Commission; (j) the Internal Revenue Service; and (k) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that under the circumstances no other or further notice is necessary.

13

WHEREFORE, the Debtors respectfully request entry of an order

(i) granting the relief requested herein and (ii) granting the Debtors such other and further

relief as the Court deems just and proper.

Dated: March 7, 2010
Wilmington, Delaware

FOX ROTHSCHILD LLP

Jeffrey M. Schlerf (No. 3047)
Eric M. Sutty (No. 4007)
John H. Strock (No. 4965)
919 North Market Street, Suite 1600
Wilmington, Delaware 19801
(302) 654-7444

-and-

Gerard Uzzi (admitted pro hac vice)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
(212) 819-8200

-and-

Michael C. Shepherd (admitted pro hac vice)
Lane E. Begy (admitted pro hac vice)
WHITE & CASE LLP
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
(305) 371-2700

Attorneys for the Debtors and
Debtors in Possession

14

# **EXHIBIT A**

[PROPOSED CAPTION]

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **CENTAUR PA LAND, LP, <u>et al.</u>,**[1] | : | **Case No. 09-13760 (KJC)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Centaur, LLC (8148); Centaur Colorado, LLC (9131); Centaur Indiana, LLC; Centaur Racing, LLC; Hoosier Park, L.P. (0820); HP Dining & Entertainment, LLC; Centaur Pennsylvania, LLC; VVD Properties General Partner, LLC; Valley View Downs GP, LLC; VVD Properties, LP (6808); Valley View Downs, LP (1028); Centaur PA Land Management, LLC; Centaur PA Land General Partner, LP; and Centaur PA Land, LP.

# **EXHIBIT B**

[PROPOSED ORDER]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **CENTAUR PA LAND, LP, <u>et al.</u>,** | : | **Case No. 09-13760 (KJC)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTAUR COLORADO, LLC,** | : | **Case No. 10-10800 (KJC)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTAUR INDIANA, LLC,** | : | **Case No. 10-10805 (KJC)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTAUR PA LAND GENERAL PARTNER, LP,** | : | **Case No. 10-10808 (KJC)** |
| | : | |
| **Debtor.** | : | |
| | . | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTAUR PA LAND MANAGEMENT, LLC,** | : | **Case No. 10-10806 (KJC)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTAUR PENNSYLVANIA, LLC,** | : | **Case No. 10-10804 (KJC)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTAUR RACING, LLC,** | : | **Case No. 10-10802 (KJC)** |
| | : | |
| **Debtor.** | : | |
| | : | |

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **CENTAUR, LLC,** | : | **Case No. 10-10799 (KJC)** |
| | : | |
| Debtor. | : | |
| | : | |
| In re | : | **Chapter 11** |
| | : | |
| **HOOSIER PARK, L.P.,** | : | **Case No. 10-10801 (KJC)** |
| | : | |
| Debtor. | : | |
| | : | |
| In re | : | **Chapter 11** |
| | : | |
| **HP DINING & ENTERTAINMENT, LLC,** | : | **Case No. 10-10803 (KJC)** |
| | : | |
| Debtor. | : | |
| | : | |
| In re | : | **Chapter 11** |
| | : | |
| **VALLEY VIEW DOWNS GP, LLC,** | : | **Case No. 10-10809 (KJC)** |
| | : | |
| Debtor. | : | |
| | : | |
| In re | : | **Chapter 11** |
| | : | |
| **VVD PROPERTIES GENERAL PARTNER, LLC,** | : | **Case No. 10-10807 (KJC)** |
| | : | |
| Debtor. | : | |
| | : | |
| In re | : | **Chapter 11** |
| | : | |
| **VVD PROPERTIES, LP,** | : | **Case No. 10-10810 (KJC)** |
| | : | |
| Debtor. | : | |
| | : | **Re: Docket No. ___** |

## ORDER DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES

This matter coming before the Court on the motion (the "Motion") of the

affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (the

2

"Debtors"), pursuant to section 105(a) of the Bankruptcy Code,[1] Bankruptcy Rule 1015(b) and Local Rule 1015-1, for an order directing joint administration, for procedural purposes only, of the Debtors' chapter 11 cases under the case of Centaur PA Land, LP, Case No. 09-13760 (KJC); the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown, it is hereby

ORDERED that, the Motion is GRANTED; and it is further

ORDERED that, the above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 09-13760 (KJC); and it is further

ORDERED that, parties in interest are directed to use the caption in the form annexed hereto as Exhibit 1 (the "Caption") when filing pleadings with the Court in the chapter 11 cases of the Debtors, thereby indicating that the pleading relates to the jointly administered chapter 11 cases of "Centaur PA Land, LP, et al." The Caption satisfies the requirements of section 342(c) of the Bankruptcy Code in all respects, notwithstanding the fact that the Caption does not include the last four digits of taxpayer identification numbers for nine of the Debtors; and it is further

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ORDERED that, a docket entry shall be made in each of the above-captioned cases (other than the Lead Case) substantially as follows:

> An Order has been entered in this chapter 11 case directing the joint administration, for procedural purposes, of the chapter 11 cases of Centaur, LLC (8148); Centaur Colorado, LLC (9131); Centaur Indiana, LLC; Centaur Racing, LLC; Hoosier Park, L.P. (0820); HP Dining & Entertainment, LLC; Centaur Pennsylvania, LLC; VVD Properties General Partner, LLC; Valley View Downs GP, LLC; VVD Properties, LP (6808); Valley View Downs, LP (1028); Centaur PA Land Management, LLC; Centaur PA Land General Partner, LP; and Centaur PA Land, LP. The docket in Case No. 09-13760 (KJC) should be consulted for all matters affecting these cases.

and it is further

ORDERED that, the Debtors are authorized to utilize a combined service list for the jointly administered cases, and combined notices may be sent to creditors of the Debtors' estates and other parties in interest as applicable; and it is further

ORDERED that, nothing contained in this order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases; and it is further

ORDERED that, the Court retains jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Dated: March __, 2010
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

[CAPTION]

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **CENTAUR PA LAND, LP, <u>et al.</u>,**[1] | : | **Case No. 09-13760 (KJC)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Centaur, LLC (8148); Centaur Colorado, LLC (9131); Centaur Indiana, LLC; Centaur Racing, LLC; Hoosier Park, L.P. (0820); HP Dining & Entertainment, LLC; Centaur Pennsylvania, LLC; VVD Properties General Partner, LLC; Valley View Downs GP, LLC; VVD Properties, LP (6808); Valley View Downs, LP (1028); Centaur PA Land Management, LLC; Centaur PA Land General Partner, LP; and Centaur PA Land, LP.