IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CENTAUR, LLC, et al.,[1]<br><br>Debtors. | : Chapter 11<br>:<br>: Case No. 10-10799 (KJC)<br>:<br>: (Jointly Administered)<br>:<br>: Re: Docket No. 114 (Case No. 09-13760 (KJC)) |

## INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE TO THE DEBTORS, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

This matter coming before the Court on the motion (the "Motion") of the affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), pursuant to section 366 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), for interim and final orders (i) prohibiting utility companies from altering, refusing or discontinuing service to the Debtors, (ii) deeming utility companies adequately assured of future payment and (iii) establishing procedures for determining requests for additional adequate assurance; the Court having reviewed the Motion and the First Day Declaration[2] and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Centaur, LLC (8148); Centaur Colorado, LLC (9131); Centaur Indiana, LLC; Centaur Racing, LLC; Hoosier Park, L.P. (0820); HP Dining & Entertainment, LLC; Centaur Pennsylvania, LLC; VVD Properties General Partner, LLC; Valley View Downs GP, LLC; VVD Properties, LP (6808); Centaur PA Land Management, LLC; and Centaur PA Land General Partner, LP.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

under the circumstances; after due deliberation the Court having determined that the relief requested in the Motion is (i) necessary and essential for the Debtors' reorganization, (ii) in the best interests of the Debtors, their estates and their creditors, and (iii) necessary to prevent immediate and irreparable harm to the Debtors and their estates; and good and sufficient cause having been shown, it is hereby;

ORDERED that, the Motion is GRANTED; and it is further

ORDERED that, the Debtors are authorized to pay on a timely basis in accordance with their prepetition practices all undisputed invoices for postpetition utility services provided by the Utility Companies to the Debtors; and it is further

ORDERED that, except as otherwise provided herein, the Debtors shall, within fifteen (15) days from the entry of this Order, pay a Utility Deposit to each of the Utility Companies so that the aggregate amount of deposit held by such Utility Company is equal to 50% of the Debtors' estimated cost of monthly utility consumption for each such Utility Company, after taking into account the amount of prepetition debt that may be recovered or setoff against any prepetition deposit pursuant to section 366(c)(4) of the Bankruptcy Code, thereby providing such Utility Companies with adequate assurance of payment for their postpetition services to the Debtors; and it is further

ORDERED that, the Debtors shall not be required to pay a Utility Deposit to any Utility Company that, as of the Petition Date, held a deposit greater than 50% of the Debtors' estimated cost of monthly utility consumption for such Utility Company, after taking into account the amount of prepetition debt that may be recovered or set off against such prepetition deposit pursuant to section 366(c)(4) of the Bankruptcy Code; and it is further

2

ORDERED that, absent any further Order of this Court, the Utility Companies are prohibited from discontinuing, altering or refusing service on account of any unpaid prepetition charges, or requiring payment of an additional deposit or receipt of other security in connection with any unpaid prepetition charges; and it is further

ORDERED that, if a Utility Company is not satisfied with the assurance of future payment provided by the Debtors, the Utility Company must serve a written request (the "Request") upon the Debtors and their counsel (as set forth below) stating the location(s) for which Utility Services are provided, the account number(s) for such location(s), the outstanding balance for each account, a summary of the Debtors' payment history on each account, and an explanation of why its Utility Deposit is inadequate assurance of payment; and it is further

ORDERED that, the Request must be delivered to Debtors' counsel, White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Attn: Michael C. Shepherd, Esq.; and it is further

ORDERED that, without further Order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Company serving a Request, if the Debtors, in their discretion, determine that such Request is reasonable; and it is further

ORDERED that, if the Debtors believe that a Request is unreasonable, they shall promptly file a motion pursuant to section 366(c)(3) of the Bankruptcy Code (a "Determination Motion"), seeking a determination from the Court that the Utility Deposit, plus additional consideration, if any, offered by the Debtors, constitutes adequate assurance of payment; and it is further

ORDERED that, pending notice and a hearing on the Determination Motion, the Utility Company that is the subject of the unresolved Request may not alter, refuse or

discontinue services to the Debtors; and it is further

ORDERED that, to the extent that any Utility Companies have been inadvertently omitted from the list of Utility Companies set forth on Exhibit A to the Motion, the Debtors are authorized to supplement the list without further Order of the Court; and it is further

ORDERED that, if the Debtors supplement the list of Utility Companies, the Debtors will serve a copy of the Motion and this Order on any Utility Company that is added to the list by such a supplement (the "Supplemental Service") and promptly provide each added Utility Company with a Utility Deposit; and it is further

ORDERED that, concurrently with the Supplemental Service, the Debtors will file with the Court a supplement to Exhibit A to the Motion adding the name of the Utility Company so served, and any added Utility Company may make a Request, which will be subject to the Procedures; and it is further

ORDERED that, the Debtors may terminate the services of any Utility Company by providing written notice. In the event that the Debtors terminate the services of any Utility Company, such Utility Company must immediately refund, without exercising any purported right of setoff or recoupment, the entire amount of its Utility Deposit to the Debtors; and it is further

ORDERED that, nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company as provided by sections 362 and 365 of the Bankruptcy Code or applicable law; and it is further

ORDERED that, nothing in this Order or the Motion shall be deemed to constitute an assumption of any executory contract under section 365 of the Bankruptcy Code; and it is further

ORDERED that, a final hearing to consider the Motion is scheduled for April 6, 2010 at 1:00 p.m. before the Honorable Kevin J. Carey. Any objections to the relief requested must be filed with the Clerk of the Bankruptcy Court and served upon the Debtors' counsel, the Office of the United States Trustee for the District of Delaware, and any counsel to any statutory committee(s) appointed in these cases, so as to actually be received on or before March 30, 2010 at 4:00 p.m.; and it is further

ORDERED that, the Debtors shall serve a copy of this Order by United States mail, first class postage prepaid, upon the Office of the United States Trustee for the District of Delaware; the administrative agents under the Debtors' prepetition credit facilities and their respective counsel; the Utility Companies listed on <u>Exhibit A</u> to the Motion; all parties requesting notices pursuant to Bankruptcy Rule 2002, or their legal counsel (if known); and any counsel to any statutory committee(s), if one has been appointed or, if not, on the Debtors' thirty (30) largest unsecured creditors on a consolidated basis (including counsel if known), within two (2) business days from the entry of this Order; and it is further

ORDERED that, this Court retains jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Dated: March 10, 2010
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

WM1A 948685v2 03/09/10