# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** : Chapter 11 |
| **CENTAUR, LLC et al.,**[1] : Case No. 10-10799 (KJC) |
| **Debtors.** : (Jointly Administered) |
| : Re: Docket No. 54, 13 |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF CHAPTER 11 PROFESSIONALS AND COMMITTEE MEMBERS

This matter coming before the Court on the motion (the "Motion") of the affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for establishment of procedures for interim compensation and reimbursement of expenses for chapter 11 professionals and committee members, all as more fully set forth in the Motion; and it appearing that the Court has jurisdiction over this matter; and it appearing that due notice of the Motion has been provided as set forth in the Motion and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interest of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause therefor, it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Centaur, LLC (8148); Centaur Colorado, LLC (9131); Centaur Indiana, LLC; Centaur Racing, LLC; Hoosier Park, L.P. (0820); HP Dining & Entertainment, LLC; Centaur Pennsylvania, LLC; VVD Properties General Partner, LLC; Valley View Downs GP, LLC; VVD Properties, LP (6808); Centaur PA Land Management, LLC; and Centaur PA Land General Partner, LP.

ORDERED that, the Motion is GRANTED; and it is further

ORDERED that, except as may be otherwise provided in separate order authorizing the retention of specific professionals, all Professionals[2] shall seek compensation and reimbursement in accordance with the following procedures (the "Compensation Procedures"):

> (a) No earlier than the 20th day of each calendar month, each Professional seeking interim compensation shall file an application (a "Monthly Fee Application") pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on: (i) the Debtors, c/o Centaur, LLC, 10 W. Market Street, Suite 200, Indianapolis, Indiana 46204 (Attn: Kurt Wilson, Executive Vice President and Chief Financial Officer); (ii) co-counsel to the Debtors, White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: Michael C. Shepherd, Esq.) and Fox Rothschild LLP, Citizens Bank Center, 919 North Market Street, Suite 1600, Wilmington, Delaware 19801 (Attn: Jeffrey M. Schlerf, Esq.); (iii) The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Richard L. Schepacarter, Esq.); (iv) co-counsel to the administrative agent under the Debtors' prepetition first lien credit facility, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Attn: Mitchell A. Seider, Esq.) and Duane Morris LLP, Suite 1200, 1100 North Market Street, Wilmington, Delaware 19801 (Attn: Michael R. Lastowski); (v) co-counsel to the administrative agent under the Debtors' prepetition second lien credit facility, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq.), Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, Delaware 19801 (Attn: John H. Knight, Esq.), Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036 (Attn: Benjamin L. Schneider, Esq.) and Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, Wilmington, Delaware 19801 (Attn: Jeremy W. Ryan); and (vii) counsel to the Official Committee of Unsecured Creditors, Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, New York 10174-0208 (Attn: Michael Z. Brownstein) and any other statutory

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

committee appointed in these cases pursuant to section 1102 of the Bankruptcy Code (collectively, the "Notice Parties"). Each Professional may file its first Monthly Fee Application on or after April 20, 2010, which shall cover the partial monthly period from the Petition Date through and including March 31, 2010. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines established by the Office of the United States Trustee (the "UST Guidelines"). Each Notice Party will have twenty (20) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). Upon expiration of the Objection Deadline, the Professional may file a certificate of no objection with the Court after which the Debtors are authorized to pay each Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Application (the "Maximum Monthly Payment") and (ii) 80 percent (80%) of the fees and 100 percent (100%) of the expenses not subject to an objection pursuant to subparagraph (b) below.

(b) If any Notice Party objects to a Professional's Monthly Fee Application, it must file with the Court and serve on the affected Professional and each of the Notice Parties a written objection so that it is received on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the objection on a consensual basis. If the parties are unable to reach a resolution of the objection within twenty (20) days after service of the objection, the affected Professional may either: (i) file a response to the objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment to be made to the affected Professional (the "Incremental Amount"); or (ii) forgo payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties.

(c) Beginning with the period ending May 31, 2010, at three-month intervals or at such other time convenient to the Court, each of the Professionals must file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "Interim Fee Period"). The Interim Fee Application Request must include a summary of the Monthly Fee Applications that are

the subject of the request and any other information requested by the Court or required by the Local Rules and UST Guidelines. Each Professional must file its Interim Fee Application Request within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fee and reimbursement of expenses. Each Professional must file its first Interim Fee Application Request on or before July 15, 2010, which shall cover the Interim Fee Period from the Petition Date through and including May 31, 2010. Any Professional that fails to file an Interim Fee Application Request when due will be ineligible to receive further interim payments of fees and expenses under the Compensation Procedures until such time as a further Interim Fee Application Request is submitted by the Professional.

(d) The Debtors shall request a hearing on pending Interim Fee Application Requests every three months or at such other intervals as the Court deems appropriate.

(e) If allowed by the Court upon hearing of an Interim Fee Application Request, a Professional shall receive payment of all allowed fees (including the 20% holdback) and costs not previously paid pursuant to a Monthly Fee Application.

(f) The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses.

(g) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or a failure to file an objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court;

and it is further

ORDERED that, each member of any statutory committee is permitted to seek and receive reimbursement of expenses (excluding committee member counsel). Each committee member may submit statements of expenses and supporting vouchers and receipts to committee counsel, who shall collect the same and based thereon submit a comprehensive

request for reimbursement to the Debtors in accordance with the above procedures as if such committee members were Professionals; and it is further

ORDERED that, (a) only the Notice Parties shall be required to be served with the fee applications and (b) all other parties who have filed a request for service pursuant to Bankruptcy Rule 2002 shall be required to be served with only a notice of such fee applications; provided, however, that if any party that has received such notice requests a copy of any of the fee applications, the Debtors shall furnish such party with the requested copy at the Debtors' expense; and it is further

ORDERED that, the Debtors shall include all payments made to Professionals in accordance with the compensation procedures in their monthly operating reports, identifying the amount paid to each of the Professionals; and it is further

ORDERED that, all time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED that, this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Dated: April 13, 2010
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE