# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : Chapter 11 |
| CENTAUR, LLC, et al.,[1] | : Case No. 10-10799 (KJC) |
| Debtors. | : (Jointly Administered) |
| | : Objection Deadline: May 17, 2010 at 4:00 p.m.<br>: Hearing Date: May 25, 2010 at 10:00 a.m. |

## DEBTORS' MOTION FOR AN ORDER (I) ESTABLISHING A BAR DATE FOR FILING CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, AND (II) APPROVING THE FORM, MANNER AND SUFFICIENCY OF NOTICE OF THE SECTION 503(b)(9) BAR DATE PURSUANT TO BANKRUPTCY RULE 9007

The affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby file this motion (the "Motion") for entry of an order pursuant to sections 105(a), 503(a) and 503(b)(9) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") establishing a bar date (the "Section 503(b)(9) Bar Date") for administrative expense claims asserted against the Centaur Debtors (as defined below) under section 503(b)(9) of the Bankruptcy Code (the "Section 503(b)(9) Claims"), and approving the form, manner and sufficiency of notice of the Section 503(b)(9) Bar Date, substantially in the form of Exhibit A attached hereto (the "Section 503(b)(9) Bar Date Notice"), and respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Centaur, LLC (8148); Centaur Colorado, LLC (9131); Centaur Indiana, LLC; Centaur Racing, LLC; Hoosier Park, L.P. (0820); HP Dining & Entertainment, LLC; Centaur Pennsylvania, LLC; VVD Properties General Partner, LLC; Valley View Downs GP, LLC; VVD Properties, LP (6808); Valley View Downs, LP (1028); Centaur PA Land Management, LLC; Centaur PA Land General Partner, LP; and Centaur PA Land, LP. Debtors Centaur PA Land, LP and Valley View Downs, LP filed their chapter 11 petitions on October 28, 2009. The remaining Debtors filed their chapter 11 petitions on March 6, 2010.

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On October 28, 2009 (the "VVD Petition Date"), Centaur PA Land, LP and Valley View Downs, LP (the "Valley View Downs Debtors") each commenced a chapter 11 case in this Court by filing a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

3. On March 6, 2010 (the "Centaur Petition Date"), the remaining Debtors (collectively, the "Centaur Debtors") each commenced a chapter 11 case in this Court by filing a voluntary petition for relief under the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Pursuant to an Order dated March 10, 2010, the Court authorized the employment and retention of AlixPartners, LLP ("AlixPartners") as claims, noticing, and balloting agent for the Debtors [D.I. 27, Case No. 09-13760 (KJC), D.I. 143].

6. On March 17, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases. No examiner or trustee has been requested or appointed in any of the Debtors' chapter 11 cases.

7.  On March 28, 2010, the Debtors filed a joint plan of reorganization [D.I. 85, Case No. 09-13760 (KJC), D.I. 194] (the "Plan") and a disclosure statement related thereto [D.I. 86, Case No. 09-13760 (KJC), D.I. 195] (the "Disclosure Statement").[2]

8.  Pursuant to Orders dated April 15, 2010 [D.I. 166, Case No. 09-13760 (KJC), D.I. 271], the Debtors' chapter 11 cases are being jointly administered for procedural purposes only.

9.  The Debtors will be filing substantially contemporaneously herewith a motion for entry of an order, inter alia, establishing a bar date for filing certain proofs of claim (the "General Bar Date Motion"). In the General Bar Date Motion, the Debtors will seek approval of, among other things, an electronic proof of claim system (the "Electronic Claim System") that would be established and maintained by AlixPartners. If the Electronic Claim System is approved, claimants would have the option to submit proofs of claim electronically in lieu of mail or hand delivery.

### Relief Requested

10.  By this Motion, the Debtors seek an order (i) establishing June 30, 2010, at 4:00 p.m. Eastern Time, as the Section 503(b)(9) Bar Date, (ii) authorizing the Debtors to implement procedures for filing the Section 503(b)(9) Claims, and (iii) approving the form, manner and sufficiency of notice of the Section 503(b)(9) Bar Date.

### Basis for Relief

**A.   Establishment of the Section 503(b)(9) Bar Date.**

11.  Section 503(b)(9) of the Bankruptcy Code provides that sellers of goods may request allowance of an administrative expense claim for the value of goods received by a

---

[2]   Additional background facts on the Debtors, including an overview of the Debtors' businesses, information on the Debtors' corporate structure, information on the Debtors' debt structure and information on the events leading up to the filing of the Debtors' chapter 11 cases are contained in the Disclosure Statement.

MIAMI 868421 (2K)
WM1A 952547v1 04/29/10

3

debtor in the ordinary course of business within 20 days of the commencement of a case. See 11 U.S.C. § 503(b)(9).

12. The Centaur Debtors received goods in the ordinary course of business prior to the Centaur Petition Date. Thus, the Debtors believe that the vendors and suppliers of goods that delivered goods to the Centaur Debtors during the 20 days prior to the Centaur Petition Date will likely seek allowance of Section 503(b)(9) Claims.

13. Section 503(b)(9) of the Bankruptcy Code does not set a date by which Section 503(b)(9) Claims must be asserted. Rather, section 503(a) of the Bankruptcy Code provides that "an entity may timely file a request for payment of an administrative expense." See 11 U.S.C. § 503(a) (emphasis added). The timing of payment of claims arising under section 503(b)(9) of the Bankruptcy Code is within the Court's discretion. See In re Bookbinders' Rest., Inc., No. 06-12302, 2006 Bankr. LEXIS 3749, at *2 (Bankr. E.D. Pa. Dec. 28, 2006) (holding that timing of payment of 503(b)(9) administrative expense is within the court's discretion).

14. Thus, the Debtors seek approval of the Section 503(b)(9) Bar Date and related procedures that would, among other things, permit an expeditious and orderly determination of the Section 503(b)(9) Claims in the context of (and without unnecessarily distracting the Debtors and/or their professionals from their efforts to implement) the Plan in these chapter 11 cases.

**B.    Notice of the Section 503(b)(9) Bar Date.**

15. To address all Section 503(b)(9) Claims in a timely manner, the Debtors request that the Court establish June 30, 2010, at 4:00 p.m. Eastern Time, as the Section 503(b)(9) Bar Date. To provide adequate notice, the Debtors propose to serve the Section 503(b)(9) Bar Date Notice by United States mail, first class postage prepaid to: (i) the U.S. Trustee; (ii) the Committee; and (iii) all vendors from whom the Centaur Debtors have received

invoices for the sale of goods in the 60 days prior to, and following, the Centaur Petition Date (collectively, the "Notice Parties").[3]

16. The Debtors will serve the Section 503(b)(9) Bar Date Notice as soon as practicable after entry of an order approving this Motion, but in no event later than June 1, 2010 (the "Mailing Date").

17. The Debtors believe that they have identified all vendors entitled to receive notice of the Section 503(b)(9) Bar Date. However, in the event that the Debtors later determine, after the Mailing Date, that an additional vendor or vendors should appropriately receive the Section 503(b)(9) Bar Date Notice, the Debtors propose that the date by which a request for allowance of a Section 503(b)(9) Claim must be submitted by such vendor or vendors by the date that is the first business day that is at least twenty-one (21) days from the mailing date of an amended Section 503(b)(9) Bar Date Notice to such additional vendor or vendors.

18. The Debtors respectfully submit that the proposed 503(b)(9) Bar Date Notice and manner of notice described above is reasonable and is calculated to give actual notice to vendors holding Section 503(b)(9) Claims.

C. **Proposed Procedures for Submitting Section 503(b)(9) Claim Requests.**

19. The Debtors propose that parties asserting Section 503(b)(9) Claims must submit requests (the "Section 503(b)(9) Claim Requests") in substantially the same form attached hereto as Exhibit B. Section 503(b)(9) Claim Requests must be delivered to AlixPartners so that such requests are actually received by AlixPartners (with copies to counsel

---

[3] As discussed more fully in the Declaration of Kurt E. Wilson in Support of First Day Motions, filed on March 8, 2010 [Case No. 09-13760 (KJC), D.I. 122], the Valley View Downs Debtors are non-operational while they await the necessary regulatory approvals and licenses to operate the gaming and racing facilities at Valley View Downs. Consequently, there will be no Section 503(b)(9) Claims attributable to the Valley View Downs Debtors because no vendors delivered goods to the Valley View Downs Debtors in the twenty days prior to the VVD Petition Date and the Section 503(b)(9) Bar Date will be inapplicable to creditors who only hold claims against the Valley View Downs Debtors.

for the Debtors and the Committee) no later than June 30, 2010, at 4:00 p.m. Eastern Time. Section 503(b)(9) requests may be delivered by mail, hand-delivery, overnight courier or, if approved by the Court, submitted electronically through the Electronic Claim System, which (once approved by the Court) can be accessed at https://www.centaurgaminginfo.com (by clicking "File a Claim") and which guides claimants through the electronic claim submission process. Proofs of claim not filed electronically through the Electronic Claim System shall be sent to AlixPartners at the address set forth in the Section 503(b)(9) Bar Date Notice. Section 503(b)(9) Claim Requests may not be submitted by facsimile, telecopy, electronic mail or electronic transmission, other than the Electronic Claim System. Section 503(b)(9) Claim Requests must (i) specifically set forth the full name of the Centaur Debtor against whom the claim is being asserted; (ii) state the name of the vendor asserting the Section 503(b)(9) Claim; (iii) state the amount of the Section 503(b)(9) Claim; and (iv) include sufficient documentation and information evidencing delivery of goods to the Centaur Debtors between the dates of February 14, 2010 and the Centaur Petition Date, including copies of all invoices, statements, or other documents evidencing the amount and/or basis of the claim. The Debtors also propose that any claimant asserting a Section 503(b)(9) Claim against one or more Centaur Debtors must submit a separate Section 503(b)(9) Claim Request with respect to each such Centaur Debtor.

20. Pursuant to section 503(a) of the Bankruptcy Code, the Debtors propose that any party asserting a Section 503(b)(9) Claim against one or more of the Centaur Debtors who is required, but fails, to submit a Section 503(b)(9) Claim Request on or before the Section 503(b)(9) Bar Date in accordance with the procedures set forth herein shall be forever barred, estopped, and permanently enjoined from asserting such claim as a Section 503(b)(9) Claim in the Centaur Debtors' chapter 11 cases.

21. Notwithstanding the foregoing, nothing herein shall, or be deemed to prejudice or limit the Debtors' right to object to any Section 503(b)(9) Claim on any ground, or to dispute or to assert offsets against or defenses to such claim.

## Notice

22. Notice of this Motion has been provided to (a) the U.S. Trustee; (b) counsel to the Committee; (c) Credit Suisse, Grand Cayman Branch, as issuer of a letter of credit in favor of the Commonwealth of Pennsylvania; (d) counsel to the administrative agents under the Debtors' prepetition credit facilities; (e) the Pennsylvania Gaming Control Board of the Commonwealth of Pennsylvania; (f) the Pennsylvania Harness Racing Commission; (g) the Indiana Horse Racing Commission; (h) the Indiana Gaming Commission; (i) the Colorado Limited Gaming Control Commission; (j) the Internal Revenue Service; (k) all vendors from whom the Debtors have received invoices for the sale of goods in the 60 days prior to, and following, the Centaur Petition Date; and (l) all parties requesting notices pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that under the circumstances no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request entry of an order (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: April 29, 2010
      Wilmington, Delaware

                              FOX ROTHSCHILD LLP

                              */s/ Jeffrey M. Schlerf*

                              Jeffrey M. Schlerf (No. 3047)
                              Eric M. Sutty (No. 4007)
                              John H. Strock (No. 4965)
                              919 North Market Street, Suite 1600
                              Wilmington, Delaware 19801
                              (302) 654-7444

                              -and-

                              Gerard Uzzi (admitted pro hac vice)
                              WHITE & CASE LLP
                              1155 Avenue of the Americas
                              New York, New York 10036
                              (212) 819-8200

                              -and-

                              Michael C. Shepherd (admitted pro hac vice)
                              Lane E. Begy (admitted pro hac vice)
                              WHITE & CASE LLP
                              200 South Biscayne Boulevard, Suite 4900
                              Miami, Florida 33131
                              (305) 371-2700

                              Attorneys for the Debtors and
                              Debtors in Possession