# UNITED STATES BANKRUPTCY COURT
# DELAWARE

**In re: Centaur, LLC**  **Case Number:  10-10799**

## *SUBJECT TO GENERAL AND SPECIFIC NOTES TO THESE SCHEDULES*

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS* | LIABILITIES * | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 2 | $986,641 | | |
| B - Personal Property | Yes | 12 | $2,989,373 | | |
| C - Property Claimed as Exempt | No | 0 | | | N/A |
| D - Creditors Holding Secured Claims | Yes | 1 | | $617,786,276 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 2 | | Undetermined | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $1,318,770 | |
| G - Executory Contracts and Unexpired Leases | Yes | 10 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of All Schedules | | 31 | | | |
| Total Assets > | | | $3,976,014 | | |
| Total Liabilities > | | | | $619,105,046 | |

The asterisks (*) above indicate that the amounts scheduled for assets and/or liabilities on such Schedules contain some amounts that are either unliquidated or undetermined.  Accordingly, where there is an asterisk next to an amount on the Summary of Schedules chart above, such amounts may be understated.  The asterisks above are hereby incorporated into the individual Schedules to which they apply and shall be deemed to apply thereto.

**In re: Centaur, LLC**

**Case Number: 10-10799**

## BANKRUPTCY SCHEDULES: GENERAL NOTES SECTION

## NOTES PERTAINING TO DEBTORS

The Schedules of Assets and Liabilities (the "Schedules") and the Statement of Financial Affairs (the "Statements"), and together with the Schedules, the "Schedules and the Statements" of Centaur, LLC, (the "Debtor" and together with its debtor affiliates, the "Debtors") and the rest of the Debtors have been prepared pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §101, et seq. (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors with the assistance of their court-appointed agent and are unaudited. While management has made every reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist.

Moreover, because the Schedules and Statements contain unaudited information which is subject to further review and potential adjustment, there can be no assurance that Schedules and Statements are complete. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the chapter 11 case and specifically with respect to any issues involving equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

Agreements Subject to Confidentiality. There may be instances within the Schedules and Statements where either names, addresses or amounts have been left blank. Due to the nature of an agreement between the Debtors and the third party, concerns of confidentiality or concerns for the privacy of an individual, the Debtors may have deemed it appropriate and necessary to avoid listing such names, addresses and amounts.

Amendment. While reasonable efforts have been made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement their Schedules and Statements as is necessary and appropriate.

Causes of Action. The Debtors, despite efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action they may have and neither these general notes (the "Global Notes") nor the Schedules and Statements shall be deemed a waiver of any such causes of

Claims Description. Any failure to designate a claim on the Debtors" Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." The Debtors reserve the right to dispute any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated."

Court Orders. By separate Orders of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), each entered within a few days of March 6, 2010, the day the Debtors commenced their Chapter 11 cases (the "Petition Date"), the Debtors were authorized to pay, among other things, certain prepetition claims of employees and essential suppliers. Consequently, certain prepetition fixed, liquidated and undisputed unsecured claims have been or will be paid. Schedule F generally does not include prepetition liabilities that have been or will be paid under these first day orders.

<u>Current Market Value of Assets</u>.  It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets.  Accordingly, unless otherwise indicated, net book values are reflected on the Debtors' Schedules and Statements for assets.  For this reason, amounts ultimately realized may vary from net book value and such variance may be material.  Exceptions to this include operating cash and certain other assets.  Operating cash is presented as bank balances as of the Petition Date.  Certain other assets such as investments in subsidiaries are listed at undetermined amounts as the net book values may materially differ from fair market values.

<u>Dates</u>.  The information provided herein, except as otherwise noted, represents the asset data of the Debtors as of the Petition Date and the liability data of the Debtors as of the Petition Date.

<u>Excluded Assets and Liabilities</u>.  The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements such as goodwill, pension assets, deferred compensation, accrued salaries, employee benefit accruals, post-retirement benefits, and deferred gains.  Other immaterial assets and liabilities may also have been excluded.

<u>Foreign Currency</u>.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

<u>Schedule D</u> – <u>Creditors Holding Secured Claims</u>.  Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of the Debtors.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.  In certain instances, the Debtors may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other related entities, and no claim set forth on Schedule D of the Debtors is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only to be a summary.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.  Certain of Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements.  No attempt has been made to identify such agreements for purposes of Schedule D.

<u>Schedule E</u> – <u>Creditors Holding Unsecured Priority Claims</u>.  The Bankruptcy Court has entered certain first day Orders authorizing the Debtors to pay, <u>inter</u> <u>alia</u>, certain prepetition employee obligations as well as certain sales/use and payroll tax obligations.  Therefore, ordinary course taxing authorities and certain employees are included herein at $0.  Furthermore, based on varying periodic assessments and determinations of income and property taxes, the Debtors have listed the taxing authorities they have obligations to in the ordinary course of business as undetermined unless specific liability amounts are known and liquidated.

<u>Reservation of Rights</u>.  The Debtors reserve the right to assert that any claim listed on Schedule E does not constitute an unsecured priority claim under section 507 of the Bankruptcy Code.

<u>Schedule F</u> – <u>Creditors Holding Unsecured Nonpriority Claims</u>.  Schedule F does not include certain deferred charges, deferred liabilities or general reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.  The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  While best efforts have been made, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

Schedule F contains information regarding pending litigation involving the Debtors.  In certain instances, the entity that is the subject of the litigation is unclear or undetermined.  However, to the extent that litigation involving the Debtors has been identified, such information is contained in Schedule F for the Debtors.

In the ordinary course of business, transactions were made between the Debtors.  These transactions included allocations of overhead, payments made on behalf of another entity, and other reimbursable expenses.  These transactions resulted in payables and receivables between intercompany accounts but are excluded from these Schedules.

<u>Unlisted Liabilities</u>. Liabilities which have not been identified or included on Schedule F as of the date hereof will be included in amendment(s) to Schedule F unless such liabilities have been authorized for payment under Orders entered by the Bankruptcy Court.

<u>Reserves</u>. Schedule F does not include certain contingency reserves recorded on the Debtors' books pursuant to generally accepted accounting principles. Such reserves are for potential liabilities and as of the Petition Date, there are no existing claimants.

<u>Schedule G</u> – <u>Executory Contracts</u>. The businesses of the Debtors are complex. While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract or other agreement set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory and unexpired leases could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such agreement or unexpired lease.

In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is to reflect distinct agreements between the applicable Debtors and such supplier or provider.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents are also not set forth on Schedule G.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to a creditor's claim. Finally, certain of the executory agreements may not have been memorialized and could be subject to dispute.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. Similarly, the listing of a contract or lease on Schedule G does not constitute an admission that such document is not a secured financing.

While every effort has been made to ensure the accuracy of the Schedule of executory contracts, inadvertent errors or omissions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth herein, or the validity or enforceability of any contracts, agreements or leases listed herein.

The contracts, agreements and leases listed on Schedule G may have expired or been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters or other documents, instruments or agreements which may be listed herein. Certain of the real property leases listed on Schedule G may contain rights of first refusal, rights to lease additional space or other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Schedule G does not include all equipment purchase orders. Additionally, the Debtors may be a party to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps or other miscellaneous agreements. Such agreements are not set forth on Schedule G.

In addition to the contracts set forth on Schedule G, the Debtors have numerous agreements with vendors governing the terms and conditions under which merchandise is purchased, including agreements for rebates, coop advertising arrangements, and other vendor support.

Utilities.  In the ordinary course of business, the Debtors have entered into numerous agreements, both written and oral, regarding the provision of certain services on a month-to-month basis, including electricity, natural gas, water, telephone, and garbage collection. The Debtors do not believe that such contracts constitute executory contracts and thus, said agreements are not listed individually on Schedule G.  Nevertheless, the Debtors reserve the right to assert that such agreements constitute executory contracts.

Schedule H – Co-Debtors.  In the ordinary course of their business, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their business.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Because of the volume of such claims, because all are contingent, disputed or unliquidated, and because such claims are listed elsewhere in the Schedules and Statements, such claims have not been set forth individually on Schedule H.

Insiders.  The Debtors have included all payments made over the twelve months preceding the Petition Date to any individual deemed an "insider."  Insiders are defined to include individuals who served as either officers or directors of the Debtors as well as shareholders holding at least 5% in the twelve months immediately preceding the commencement of the Debtors' chapter 11 cases.

Totals.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the tables.

**In re: Centaur, LLC**                                                                    Case Number:  10-10799

### SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property.

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim".

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in - Schedule C - Property Claimed as Exempt.

☐          Check this box if debtor has no real property on this Schedule A.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXCEPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| See Exhibit A-1 immediately following Schedule A | Legal | | $986,641 | $0 |
| | | **Total** | **$986,641** | |

<u>1</u> continuation sheet attached

**Specific Note:**
**(1) Amounts listed represent net book value (NBV) as of 2/28/2010**

**(2) Legal title to the Fortune Valley building and improvements and the Fortune Valley land, both of which are located in Central City, Colorado, resides with Centaur Colorado, LLC.**

**In re: Centaur, LLC**                                                                                        Case Number:  **10-10799**

**Exhibit A1**
**Real Property**

| LOCATION ADDRESS | NATURE OF DEBTOR'S INTEREST IN PROPERTY | LAND | BUILDING (NBV) | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| ALLOCATED OWNERSHIP OF FORTUNE VALLEY BUILDING & IMPROVEMENTS LOCATED IN  CENTRAL CITY, COLORADO | LEGAL | $0.00 | $572,654.00 | $572,654.00 |
| ALLOCATED OWNERSHIP OF FORTUNE VALLEY LAND LOCATED IN CENTRAL CITY, COLORADO | LEGAL | $413,987.00 | $0.00 | $413,987.00 |
| | Total: | **$413,987.00** | **$572,654.00** | **$986,641.00** |

**Specific Note:**
**(1) Amounts listed represent net book value (NBV) as of 2/28/2010**

**(2) Legal title to the Fortune Valley building and improvements and the Fortune Valley land, both of which are located in Central City, Colorado, resides with Centaur Colorado, LLC.**

**In re: Centaur, LLC**                                                    Case Number:  10-10799

**SCHEDULE B - PERSONAL PROPERTY**

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1. Cash on hand. | | See Exhibit B-1 immediately following Schedule B | $54 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | See Exhibit B-2 immediately following Schedule B-1 | $1,543,575 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | |
| 5. Books; pictures and other art objects; antiques; stamps, coin, record, tape, compact disc, and other collections or collectibles. | X | | |
| 6.  Wearing apparel. | X | | |
| 7.  Furs and jewelry. | X | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | |
| 9. Interests in insurance policies.  Name insurance company of policy and itemize surrender or refund value of each. | | See Exhibit B-9 immediately following Schedule B-2 | $0 |
| 10. Annuities. Itemize and name each issuer. | X | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | |
| 13.  Stock and interests in incorporated and unincorporated business.  Itemize. | | See Exhibit B-13 immediately following Schedule B-9 | |
| 14.  Interests in partnerships or joint ventures.  Itemize. | | See Exhibit B-14 immediately following Schedule B-9 | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | |

In re: Centaur, LLC                                                Case Number:  10-10799

---

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 16. Accounts receivable. | X | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | |
| 20. Contingent and non contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | See Exhibit B-21 immediately following Schedule B-13 | Undetermined |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | |
| 24. Customer Lists or other compilations of personal information | X | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 26. Boats, motors, and accessories. | X | | |
| 27. Aircraft and accessories. | X | | |

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 28.  Office equipment, furnishings, and supplies. | | See Exhibit B-28 immediately following Schedule B-21 | $93,859 |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | |
| 30.  Inventory. | X | | |
| 31.  Animals. | X | | |
| 32.  Crops - growing or harvested.  Give particulars. | X | | |
| 33.  Farming equipment and implements. | X | | |
| 34.  Farm supplies, chemicals, and feed. | X | | |
| 35.  Other personal property of any kind not already listed.  Itemize. | | See Exhibit B-35 immediately following Schedule B-23 | $1,351,885 |
| | | **Total** | **$2,989,373** |

_____7_____   continuation sheets attached

**In re: Centaur, LLC**                                             **Case Number:  10-10799**

**Exhibit B-1**
**Cash on hand - petty cash.**

| Type and Location of cash | Net Book Value |
|---|---|
| Petty cash | $54 |
| **Total:** | **$54** |

**In re: Centaur, LLC**                                                                 Case Number:  10-10799

**Exhibit B-2**
**Checking, savings, or other financial accounts, CD's, etc.**

| Bank Name | Address | City, State, Zip | Bank Balance as of 3/6/2010 |
|---|---|---|---|
| National Bank of Indianapolis | 107 N Pennsylvania Street, Suite 700 | Indianapolis, IN 46204 | $369,656 |
| National Bank of Indianapolis | 107 N Pennsylvania Street, Suite 700 | Indianapolis, IN 46204 | $42 |
| Bank of New York  Mellon | 101 Barclay Street, 7th Floot W | New York, NY 10286 | $1,173,877 |
| Wells Fargo Bank, N.A. | 5340 Kietzke Lane, Suite 201 | Reno, NV 89511 | $0 |
| | | **Total:** | **$1,543,575** |

In re: Centaur, LLC                                                                                              Case Number:  10-10799

**Exhibit B-9**
**Interest in Insurance Policies**

| Insurance Carrier | Policy Description | Total Surrender Value |
|---|---|---|
| CNA/Continental Casualty Co. | Property Insurance | $0 |
| Axis Insurance Co. c/o American Specialty Insurance & Risk Services, Inc. | General  Liability | $0 |
| Axis Insurance Co. c/o American Specialty Insurance & Risk Services, Inc. | Automobile & Garagekeepers | $0 |
| Axis Insurance Co. c/o American Specialty Insurance & Risk Services, Inc. | Commercial Liability Umbrella (Layer 1) | $0 |
| Travelers / St. Paul Fire & Marine C/O American Specialty Insurance & Risk Services, Inc | Excess Liability (Layer 2) | $0 |
| Great American Insurance Group C/O Arlington/Roe | Excess Liability (Layer 3) | $0 |
| Travelers/National Specialty Underwriters | Umbrella Liability | $0 |
| Great American Insurance Group | Crime | $0 |
| CNA/National Fire Insurance Company of Hartford | Workers Compensation & Employers Liability | $0 |
| AIG/National Union Fire Insurance Co. C/O Colemont Ins Brokers | Employment Practices Liability | $0 |
| American Safety Indemnity Co. | Pollution Liability | $0 |
| AIG/National Union Fire Ins. Co. C/O Colemont Ins Brokers | Directors & Officers | $0 |
| CNA/Continental Casualty Co.C/O Colemont Ins Brokers | Directors & Officers Excess | $0 |
| Chubb Insurance c/o Van Gundy Insuraunce | On Track Driver/Trainer Accident Standardbred | $0 |
| Fidelity and Deposit Company of Maryland C/O Surety Placement Services | Indiana Horse Racing Commission Surety Bond | $0 |
| Nationwide Life Insurance Company | Jockey Accident (Thoroughbred) | $0 |
| Axis Insurance Co. c/o American Specialty Insurance & Risk Services, Inc. | Liquor Liability | $0 |
|  | **Total:** | **$0** |

**In re: Centaur, LLC**
**Case Number: 10-10799**
**Exhibit B13 and B14**

| DEBTOR | LEGAL ENTITY | PARENT | % OWNERSHIP | TAX ID | STATE OF INCORPORATION | DATE OF FORMATION | TAX STATUS |
|---|---|---|---|---|---|---|---|
| | Centaur, Inc. | | | 35-1877786 | Indiana | 01/07/1993 | S corporation |
| | Centaur Gaming, LLC | Centaur, Inc. | 100.00% | 75-3256171 | Delaware | 09/28/2007 | Disregarded |
| X | Centaur, LLC | Centaur Gaming, LLC | 100.00% | 33-1038148 | Indiana | 12/16/2002 | Disregarded |
| X | Centaur Pennsylvania, LLC | Centaur, LLC | 100.00% | None | Indiana | 11/22/2002 | Single member, disregarded entity |
| X | Valley View Downs, LP | Centaur Pennsylvania, LLC | 99.00% | 74-3131028 | Pennsylvania | 12/20/2002 | Partnership |
| X | Valley View Downs GP, LLC | Centaur Pennsylvania, LLC | 100.00% | None | Indiana | 10/19/2007 | Single member, disregarded entity |
| X | Valley View Downs, LP | Valley View Downs GP, LLC | 1.00% | 74-3131028 | Pennsylvania | 12/20/2002 | Partnership |
| X | VVD Properties, LP | Centaur Pennsylvania, LLC | 99.90% | 26-1256808 | Delaware | 09/07/2007 | Partnership |
| X | Centaur PA Land Management, LLC | VVD Properties, LP | 100.00% | None | Delaware | 09/04/2007 | Single member, disregarded entity |
| X | Centaur PA Land General Partner, LP | Centaur PA Land Management, LLC | 0.10% | None | Delaware | 09/04/2007 | Partnership |
| X | Centaur PA Land General Partner, LP | VVD Properties, LP | 99.90% | None | Delaware | 09/04/2007 | Partnership |
| X | Centaur PA Land, LP | Centaur PA Land General Partner, LP | 11.00% | None | Delaware | 09/04/2007 | Partnership |
| X | Centaur PA Land, LP | VVD Properties, LP | 89.00% | None | Delaware | 09/04/2007 | Partnership |
| X | VVD Properties General Partner, LLC | Centaur Pennsylvania, LLC | 100.00% | None | Delaware | 09/07/2007 | Single member, disregarded entity |
| X | VVD Properties, LP | VVD Properties General Partner, LLC | 0.10% | 26-1256808 | Delaware | 09/07/2007 | Partnership |
| X | Centaur PA Land Management, LLC | VVD Properties, LP | 100.00% | None | Delaware | 09/04/2007 | Single member, disregarded entity |
| X | Centaur PA Land General Partner, LP | Centaur PA Land Management, LLC | 0.10% | None | Delaware | 09/04/2007 | Partnership |
| X | Centaur PA Land General Partner, LP | VVD Properties, LP | 99.90% | None | Delaware | 09/04/2007 | Partnership |
| X | Centaur PA Land, LP | Centaur PA Land General Partner, LP | 11.00% | None | Delaware | 09/04/2007 | Partnership |
| X | Centaur PA Land, LP | VVD Properties, LP | 89.00% | None | Delaware | 09/04/2007 | Partnership |
| X | Centaur Racing, LLC | Centaur, LLC | 100.00% | None | Indiana | 03/22/2000 | Single member, disregarded entity |
| X | Hoosier Park, L.P. | Centaur Racing, LLC | 99.00% | 35-1930820 | Indiana | 08/30/1994 | Partnership |
| X | HP Dining & Entertainment, LLC | Hoosier Park, L.P. | 100.00% | None | Indiana | 01/30/2008 | Single member, disregarded entity |
| X | Centaur Indiana, LLC | Centaur, LLC | 100.00% | None | Indiana | 12/05/2006 | Single member, disregarded entity |
| X | Hoosier Park, L.P. | Centaur Indiana, LLC | 1.00% | 35-1930820 | Indiana | 08/30/1994 | Partnership |
| X | HP Dining & Entertainment, LLC | Hoosier Park, L.P. | 100.00% | None | Indiana | 01/30/2008 | Single member, disregarded entity |
| X | Centaur Colorado, LLC | Centaur, LLC | 100.00% | 48-1279131 | Delaware | 09/30/2002 | Disregarded |
| | Centaur BC Land, LLC | Centaur, LLC | 100.00% | None | Indiana | 10/19/2007 | Single member, disregarded entity |
| | Valley View Properties Management, LLC | Centaur BC Land, LLC | 100.00% | None | Delaware | 10/27/2005 | Single member, disregarded entity |
| | Valley View Properties General Partner, LP | Valley View Properties Management, LLC | 0.10% | None | Delaware | 10/27/2005 | Partnership |
| | Valley View Properties Holding, LP | Valley View Properties General Partner, LP | 11.00% | None | Delaware | 10/27/2005 | Partnership |
| | Valley View Properties General Partner, LP | Centaur BC Land, LLC | 99.90% | None | Delaware | 10/27/2005 | Partnership |
| | Valley View Properties Holding, LP | Centaur BC Land, LLC | 89.00% | None | Delaware | 10/27/2005 | Partnership |
| | Bedford Downs Management Corporation | Centaur BC Land, LLC | 100.00% | 75-3116837 | Pennsylvania | 05/09/2003 | C Corporation |

**Specific Notes:**

(1) "X" in the column labeled "Debtor" indicates that the corporate entity is a Debtor in one of the jointly administered chapter 11 cases. If there is nothing in this column, the entity has not commenced a chapter 11 case and is not one of the Debtors.

(2) "% Ownership" indicates the percent owned by the respective "Parent" company. Where a legal entity appears under multiple parent companies, % ownership is segregated accordingly.

## UNITED STATES BANKRUPTCY COURT
## DELAWARE

**In re: Centaur, LLC**                                    **Case Number:  10-10799**

**Exhibit B-21**
**Other contingent and unliquidated claims of every nature, etc.**

| Name | Type | Net Book Value |
|------|------|----------------|
| Ian Fromowitz | Default Judgment | Undetermined |
| Joe Putnam | Default Judgment | Undetermined |
| Douglass Woodhouse | Default Judgment | Undetermined |
| Steven Bossence | Default Judgment | Undetermined |
| | **Total:** | **Undetermined** |

**Specific Note:**

Unable to determine collectability of judgments at this time.

**In re: Centaur, LLC**                                                    Case Number:  10-10799

**Exhibit B-28**
**Office equipment, furnishings, and supplies**

| Category | Location | Net Book Value |
|---|---|---|
| FURNITURE & FIXTURES | | $70,041 |
| COMPUTER EQUIPMENT | | $20,839 |
| COMPUTER SOFTWARE | | $2,979 |
| | **Total:** | **$93,859** |

**Specific Note:**
**(1) Amounts listed represent net book value (NBV) as of 2/28/2010**

**In re: Centaur, LLC**                                    Case Number:  10-10799

**Exhibit B-35**
**Other personal property of any kind not already listed.**

| Description | Net Book Value |
|---|---|
| Prepaid Insurance | $12,344 |
| Prepaid Expenses | $611,641 |
| Retainers | $697,000 |
| Deposits | $30,900 |
| **Total:** | **$1,351,885** |

In re: Centaur, LLC                                                                              Case Number: **10-10799**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgement liens, garnishments, statutory liens, mortgages, deeds of trust and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than on of these three columns.) Report the total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|
| Credit Suisse AG Cayman Islands Banks<br>Attn: Agency Group<br>11 Madison Avenue<br>New York, NY 10010 | October 30, 2007<br>( First Lien Credit Facility) | X | | | $338,789,202 | |
| Credit Suisse AG Cayman Islands Banks<br>Attn: Agency Group<br>11 Madison Avenue<br>New York, NY 10010 | October 30, 2007<br>( First Lien Revolver) | X | | | $15,000,000 | |
| Credit Suisse AG Cayman Islands Banks<br>Attn: Agency Group<br>11 Madison Avenue<br>New York, NY 10010 | Accrued through March 31st, 2010<br>(Accrued Cash Pay Interest - First Lien) | X | | | $25,939,981 | |
| Credit Suisse AG Cayman Islands Banks<br>Attn: Agency Group<br>11 Madison Avenue<br>New York, NY 10010 | October 30, 2007<br>(Interest Rate SWAP) | X | | | $28,729,250 | |
| Credit Suisse AG Cayman Islands Banks<br>Attn: Agency Group<br>11 Madison Avenue<br>New York, NY 10010 | Accrued through March 31st, 2010<br>(Accrued SWAP Interest) | X | | | $151,979 | |
| Wells Fargo Bank, N.A.<br>Corporate Trust Services- Centaur, LLC<br>45 Broadway, 17th Floor<br>New York, NY 10006 | October 30, 2007<br>( Second Lien Credit Facility) | X | | | $193,066,691 | |
| Wells Fargo Bank, N.A.<br>Corporate Trust Services- Centaur, LLC<br>45 Broadway, 17th Floor<br>New York, NY 10006 | Accrued through March 31st, 2010<br>(Accrued Cash Pay Interest - Second Lien) | X | | | $16,090,661 | |
| Wells Fargo Bank, N.A.<br>Corporate Trust Services- Centaur, LLC<br>45 Broadway, 17th Floor<br>New York, NY 10006 | Accrued through March 31st, 2010<br>(Accrued PIK Interest on Second Lien )<br>*See Specific Note 1* | X | | | $18,513 | |
| | **Total** | | | | **$617,786,276** | |

**Specific Note:**
**(1) Second Lien PIK Interest that accrued from 1/27/2009 - 3/30/2010 was capitalized and added on 3/30/2010 to the Second Lien loan balance in accordance with the terms and conditions of the respective credit agreement.**

**(2) Accrued interest amounts reflect accrued balance as of 3/31/2010**

**In re: Centaur, LLC**                                      Case Number:  10-10799

---

**SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS**
        **(Continuation Sheet)**

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|
| Taxes Payable | | See Exhibit E-1 immediately following schedule E | X | X | | Undetermined | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

                        1 continuation sheets attached

                                    **Total**                          Undetermined

**In re: Centaur, LLC**                                                                                  Case Number:  **10-10799**

**Exhibit E-1**
**Taxes Payable**

| Taxing Authority | Attention | Address | CSZ | C | U | D | Claim Amount |
|---|---|---|---|---|---|---|---|
| Indiana Secretary of State | | 302 W. Washington Street, Room E-018 | Indianapolis, IN 46204 | X | X | | Undetermined |
| Colorado Secretary of State | | 1700 Broadway | Denver CO 80290 | X | X | | Undetermined |
| IRS | | | Cincinnati, OH 45999 | X | X | | Undetermined |
| Marion County Treasurer | | 200 E Washington St, Suite 1001 | Indianapolis, IN 46204 | X | X | | Undetermined |
| | | | | | | | Undetermined |

# UNITED STATES BANKRUPTCY COURT
## DELAWARE

In re: Centaur, LLC                                    Case Number: 10-10799

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the filing of the petition.  Do not include claims listed in Schedule D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| Unsecured Trade Payables | | See Exhibit F-1 immediately following schedule F | | | | $41,469 |
| Ames Construction<br>18450 East 28th Avenue<br>Aurora, CO 80011 | | Unsecured Notes Payable | | | | $1,277,301 |
| | | | | | | |
| | | | | | | |
| | 1 | continuation sheet attached | Total | | | **$1,318,770** |

**In re: Centaur, LLC**                                                                 Case Number:  10-10799

**Exhibit F-1**
**Unsecured Trade Payables**

| Name | Address | CSZ | C | U | D | Claim Amount |
|------|---------|-----|---|---|---|-------------|
| AT&T Wireless | P.O. Box 10069 | Newark, NJ 07101-3069 | | | | $135 |
| Ayers Technology | 2626 S. Arlington Avenue | Indianapolis, IN 46203 | | | | $313 |
| Baker & Daniels | 300 North Meridian, Suite 2700 | Indianapolis, IN 46204 | | | | $70 |
| Bokay Florist | 5410 N. College Avenue | Indianapolis, IN 46220 | | | | $102 |
| Cincinnati Bell | PO Box 748001 | Cincinnati, OH 45274 | | | | $290 |
| DirectTV | PO Box 60036 | Los Angeles, CA 90060-0036 | | | | $47 |
| Epiq Bankruptcy Solutions, LLC | Dept 0255, P.O. Box 120255 | Dallas, TX 75312-0255 | | | | $12,983 |
| FedEx | PO BOX 94515 | Palatine, IL 60094-4515 | | | | $398 |
| Greater Lafayette Venture Club | P.O. Box 311 | Lafayette, IN 47902-0311 | | | | $240 |
| Ice Mountain Spring Water | PO BOX 856680 | Louisville, KY 40285-6680 | | | | $41 |
| Innovation Capital | 225 S. Lake Avenue | Pasadena, CA 91101 | | | | $190 |
| IOS Capital | 1738 Bass Rd. | Macon, GA 31210 | | | | $119 |
| John Keeler | 1620 E. 75th Street | Indianapolis, IN 46240 | | | | $2,720 |
| Merrill Communications | MC-9638 | St Paul, MN 55170-9638 | | | | $481 |
| Mozypro | 2162 Grove Parkway, Suite 200 | Pleasant Grove, UT 84062 | | | | $98 |
| Patty Strayer | 7049 Sea Oaks Lane | Indianapolis, IN 46250 | | | | $86 |
| Paychex  - | 4601 Madison Avenue | Kansas City, MO 64112 | | | | $206 |
| Ropes & Gray LP | 1211 Avenue of the Americas | New York, NY 10036-8704 | | | | $856 |
| The Columbia Club | P.O. Box 1535 | Lafayette, IN 47902 | | | | $5,799 |
| The Strategic Campaign Group, Inc. | 4021 Arrowwood Ct. | Bonita Springs, FL 34134 | | | | $15,000 |
| Trans-Plants, Inc. | 1260 South Senate Avenue | Indianapolis, IN 46225-1564 | | | | $45 |
| U.S. Data Trust Corporation | PO Box 842605 | Boston, MA 02284 | | | | $130 |
| Verizon Wireless | P O BOX 9622 | Mission Hills, CA 91346 | | | | $488 |
| West Payment Center | PO Box 6292 | Carol Stream, IL 60197 | | | | $635 |
| | | | | | | **$41,469** |

# UNITED STATES BANKRUPTCY COURT
## DELAWARE

**In re: Centaur, LLC**                                                              **Case Number: 10-10799**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all parties to each lease or contract described.

NOTE:  A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| Real Property Leases/Non-Residential | See Exhibit G-1 immediately following Schedule G |
| Equipment Leases | See Exhibit G-2 immediately following Exhibit G-1 |
| Vendor Agreements | See Exhibit G-3 immediately following Exhibit G-2 |
| License Agreements | See Exhibit G-4 immediately following Exhibit G-3 |
| Financial Agreements | See Exhibit G-5 immediately following Exhibit G-4 |
| Insurance Agreements | See Exhibit G-6 immediately following Exhibit G-5 |
| Tax Agreements | See Exhibit G-7 immediately following Exhibit G-6 |
| Employee Agreements | See Exhibit G-8 immediately following Exhibit G-7 |
| Union Agreements | See Exhibit G-9 immediately following Exhibit G-8 |

9 continuation sheets attached

**Specific Note:**
Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such agreement or unexpired lease.

**In re: Centaur, LLC**

**Exhibit G-1**
**Real Property Leases/Non-Residential**

| Contract ID | Contracting Party | Address | CSZ |
|---|---|---|---|
| C1044 | MT Acquisitions, LLC | 1200 Market Tower, 10 West Market Street | Indianapolis, IN 46204-2960 |
| C1150 | Pat and Tammy Stitt-Mixer | 1105 Wallace Run Rd | Darlington, PA 16115 |

**In re: Centaur, LLC**                                    **Case Number: 10-10799**

**Exhibit G-2**
**Equipment Leases**

| Contract ID | Contracting Party | Address | CSZ |
|---|---|---|---|
| D1846 | IKON Financial Services | 10 W Market St Suite 200 | Indianapolis, IN 46204-2984 |
| D1753 | PITNEY BOWES GLOBAL FINANCIAL | PO BOX 856460, | LOUISVILLE, KY 40285-6460 |

**In re: Centaur, LLC**

**Exhibit G-3**
**Vendor Agreements**

| Contract ID | Contracting Party | Address | CSZ |
|---|---|---|---|
| C1365 | Credit Suisse, Cayman Islands Branch | 11 Madison Avenue | New York, NY 10010-3629 |
| C1020 | IGT | 9295 Prototype Drive | Reno, NV 89521 |
| C1241 | IGT Systems | 7115 Amigo St., Ste 150 | Las Vegas, NV 89119 |
| C1353 | Innovation Capital | 222 North Sepulveda, Suite 2000 | El Sugundo, CA 90245 |
| C1371 | MCGLADREY & PULLEN LLP | 7555 E HAMPDEN AVE STE 510 | DENVER, CO 80231-4886 |
| C1373 | Moody's Investors Service | PO Box 5016 | Zionsville, IN 46077 |
| C1374 | Moody's Investors Service | PO Box 5016 | Zionsville, IN 46077 |
| C1376 | Steve Norton | 4900 Tazer Drive | Lafayette, IN 47905 |
| D1173 | The Crystal Communications Limited Liability Company | 8301 E. Prentice Ave., Suite 307 | Englewood, CO 80111 |
| D1845 | Thomson West | 610 Opperman Drive, P.O. Box 64833 | St. Paul, MN 55164-1803 |

**In re: Centaur, LLC**                                                                 **Case Number: 10-10799**

**Exhibit G-4**
**License Agreements**

| Contract ID | Contracting Party | Address | CSZ |
|---|---|---|---|
| C1355 | Churchill Downs | 700 Central Avenue | Louisville, KY 40208 |

In re: Centaur, LLC

Case Number: 10-10799

**Exhibit G-5**
**Financial Agreements**

| Contract ID | Contracting Party | Address | CSZ |
|---|---|---|---|
| D1767 | AFCO Premium Finance Co | 1000 Milwaukee Ave, | Glenview, IL 60025 |
| D1768 | AFCO Premium Finance Co | 1000 Milwaukee Ave, | Glenview, IL 60025 |
| D1483 | Albert Hutchins Schumaker II | 10 W. Market Street, Suite 600 | Indianapolis, IN 46204 |
| D1402 | Albert Hutchins Schumaker II | 10 W. Market Street, Suite 600 | Indianapolis, IN 46204 |
| D1818 | Central City Development Co. | 6370 E. Washington Avenue, | Las Vegas, NV 89110 |
| C1379 | Credit Suisse, Cayman Islands Branch | 11 Madison Avenue | New York, NY 10010-3629 |
| D1004 | Credit Suisse, Cayman Islands Branch | 11 Madison Avenue | New York, NY 10010-3629 |
| D1005 | Credit Suisse, Cayman Islands Branch | 11 Madison Avenue | New York, NY 10010-3629 |
| D1236 | Credit Suisse, Cayman Islands Branch | 11 Madison Avenue | New York, NY 10010-3629 |
| D1237 | Credit Suisse, Cayman Islands Branch | 11 Madison Avenue | New York, NY 10010-3629 |
| D1238 | Credit Suisse, Cayman Islands Branch | 11 Madison Avenue | New York, NY 10010-3629 |
| D1239 | Credit Suisse, Cayman Islands Branch | 11 Madison Avenue | New York, NY 10010-3629 |
| D1592 | Credit Suisse, Cayman Islands Branch | 11 Madison Avenue | New York, NY 10010-3629 |
| D1727 | Credit Suisse, Cayman Islands Branch | 11 Madison Avenue | New York, NY 10010-3629 |
| D1268 | Dr. Robert T. Williamson | 1400 Teal Road | Lafayette, IN 47905 |
| D1599 | HWC Investors, LLC | c/o Mercantile Casino Management, LLC, 818 Washington St | Wilmington, DE 19801 |
| D1611 | HWC Investors, LLC | c/o Mercantile Casino Management, LLC, 818 Washington St | Wilmington, DE 19801 |
| D1619 | HWC Investors, LLC | c/o Mercantile Casino Management, LLC, 818 Washington St | Wilmington, DE 19801 |
| D1626 | HWC Investors, LLC | Cira Center, 2929 Arch Street, Suite 675 | Philadelphia, PA 19104 |
| C1013 | LUCKETT & FARLEY ARCHITECTS | 737 South Third Street | Louisville, KY 40202 |
| D1274 | Michael C. Forman | 2917 US 231 South, | Lafayette, IN 47909 |
| D1605 | Michael C. Forman, Joseph Sweeney, and Linda Sweeney | 2917 US 231 South, | Lafayette, IN 47909 |
| D1607 | Michael C. Forman, Joseph Sweeney, and Linda Sweeney | 2917 US 231 South, | Lafayette, IN 47909 |
| D1273 | Schumaker Investments, LLC | 2335 Riverside Dr | Columbus, IN 47201 |
| D1595 | Schumaker Investments, LLC | 2335 Riverside Dr | Columbus, IN 47201 |
| C1386 | Wells Fargo Corp Trust Services | P.O. Box 1450, | Minneapolis, MN 55485-8113 |

**In re: Centaur, LLC**

**Exhibit G-6**
**Insurance Agreements**

| Contract ID | Contracting Party | Address | CSZ |
|---|---|---|---|
| E1057 | AIG/National Union Fire Insurance Co. C/O Colemont Ins | 300 South Wacker Drive, Ste 900 | Chicago, IL 60606 |
| E1058 | AIG/National Union Fire Insurance Co. C/O Colemont Ins | 300 South Wacker Drive, Ste 900 | Chicago, IL 60606 |
| E1056 | American Safety Indemnity Co. | 100800 Pearl Rd, Suite B-1 | Strongsville, OH 44136 |
| E1052 | Axis Insurance Co. C/O American Specialty Insurance & Risk | 142 N Main St | Roanoke, IN 46783-0309 |
| E1050 | CNA/Continental Casualty Co. | 111 Congressional Blvd, Suite 300 | Carmel, IN 46032 |
| E1089 | CNA/Continental Casualty Co. C/O Colemont Ins Brokers | 300 South Wacker Drive, Ste 900 | Chicago, IL 60606 |
| E1074 | Great American Insurance Group | 580 Walnut St, 12th Floor | Cincinnati, OH 45202 |
| D1764 | Humana Insurance Co | 4316 Knott Street | Beltsville, MD 20705-1501 |
| D1765 | Humana Insurance Co | 4316 Knott Street | Beltsville, MD 20705-1501 |
| C1372 | MJ Insurance, Inc. | 9225 Priority Way West Drive, Suite 100 | Indianapolis, IN 46240 |
| E1067 | National Fire Insurance Company of Hartford | 9333 N Meridian St, Suite 100 | Indianapolis, IN 46260 |
| D1769 | The Standard | 1100 SW Sixth Avenue, Mail Stop P6D | Portland, OR 97204 |
| D1766 | United Concordia | 4401 Deer Path Road | Harrisburg, PA 17110 |

**In re: Centaur, LLC**

**Case Number: 10-10799**

**Exhibit G-7**
**Tax Agreements**

| Contract ID | Contracting Party | Address | CSZ |
|---|---|---|---|
| D1818 | Central City Development Co. | 6370 E. Washington Avenue | Las Vegas, NV 89110 |

**In re: Centaur, LLC**

Case Number: 10-10799

**Exhibit G-8**
**Employee Agreements**

| Contract ID | Contracting Party | Address | CSZ |
|---|---|---|---|
| C1360 | Brian Ade | 615 N. Delaware Street | Indianapolis, IN 46204 |
| D1778 | Edward Garruto | 9709 White Blossom Blvd | Louisville, KY 40241-4176 |
| C1378 | Eric Seal | 3641 Brumley Way | Carmel, IN 46033 |
| D1777 | Eric Seal | 3641 Brumley Way | Carmel, IN 46033 |
| D1249 | Jason C. Brown | | |
| D1245 | Jeffrey M. Smith | 9701 Moorfield Circle | Louisville, KY 40241 |
| D1253 | Jeffrey M. Smith | | |
| D1252 | John J. McLaughlin | 10369 Charter Oaks | Carmel, IN 46032 |
| D1002 | Joseph M. DeRosa | 1235 S. Prairie Avenue, #3404 | Chicago, IL 60605 |
| C1369 | Kara Hidinger | | |
| D1251 | Phillip R. Bainbridge | 920S 900E | Zionsville, IN 46077 |
| D1003 | Richard Zeigler | 6 Tallowood Dr, | Voorhees, NJ 08043 |
| D1847 | Roland Lucian | 277 Larkspur Court | Zionsville, IN 46077 |
| D1848 | Roland Lucian | 277 Larkspur Court | Zionsville, IN 46077 |

**In re: Centaur, LLC**

**Case Number: 10-10799**

**Exhibit G-9**
**Union Agreements**

| Contract ID | Contracting Party | Address | CSZ |
|---|---|---|---|
| D1028 | Local 57 of the Hotel Employees & Restaurant Employees | 5 Gateway Center, Suite 615 | Pittsburgh, PA 15222 |

**In re: Centaur, LLC**

**Case Number:  10-10799**

**SCHEDULE H - CODEBTORS**

Provide the information requested concerning any person or entity, other than in a joint case, that is also liable on any debts listed by debtor in the schedule of creditors.  Include all guarantors and co-signers.  In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule.  Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐    Check this box if debtor has no codebtor.

| NAME OF CODEBTOR | ADDRESS OF CODEBTOR |
|---|---|
| Centaur PA Land, LP | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Centaur Racing, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Centaur Colorado, LLC | 12364 W. Alameda Parkway, Suite 145Q, Lakewood, CO 80228 |
| Centaur Pennsylvania, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Centaur Indiana, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Hoosier Park, L.P. | 4500 Dan Patch Circle, Anderson, IN 46013 |
| HP Dining & Entertainment, LLC | 4500 Dan Patch Circle, Anderson, IN 46013 |
| Valley View Downs, LP | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| VVD Properties General Partner, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Valley View Downs GP, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| VVD Properties, LP | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Centaur PA Land Management, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Centaur PA Land General Partner, LP | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |

**Specific Notes:**

(1) In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. In addition, in the ordinary course of their business, certain of the Debtors have guaranteed certain obligations and liabilities. However, the transactions and guarantees between the Debtors and their subsidiaries are too voluminous to list separately but, in some instances, are reflected elsewhere in the Schedules and Statements. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

(2) In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Due to the volume of such claims and because all such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

**UNITED STATES BANKRUPTCY COURT**
**DELAWARE**

**In re: Centaur, LLC** **Case Number: 10-10799**

A person who knowingly and fraudulently conceals property belonging to the estate of the debtor, makes a false oath or account in or in relation to a case under title 11, or makes a false statement in or in relation to a case under title 11 may be fined $500,000, imprisoned not more than 5 years, or both. 18 U.S.C. ss 152, 153 and 3571.

**DECLARATION**

**I, Kurt Wilson, Chief Financial Officer, Executive Vice President, Treasurer, and Secretary of Centaur, LLC, declare under penalty of perjury that I have read the foregoing Schedules and the Exhibits thereto and that they are true and correct to the best of my information and belief.**

**Signature:** ______________________ **Date: ______May 5, 2010____________**

# STATEMENT OF FINANCIAL AFFAIRS

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**In re:**

**Centaur, LLC**

**Debtor.**

**Chapter 11**

**Case Number: 10-10799**

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101.

**1. Income from employment or operation of business.**

☒

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**2.  Income other than from employment or operation of business.**

☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13

must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**SEE ATTACHMENT 2**

---

**3.  Payments to Creditors.**

☒

a.  *Individuals or joint debtor (s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling

☐

b.  *Debtor whose debts are not primarily consumer debts* : List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.

**SEE ATTACHMENT 3b**

☐

c.  All debtors: List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.

**SEE ATTACHMENT 3c**

---

**4.  Suits, executions, garnishments, and attachments.**

☒

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.

☒

b.  Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case.

Note: It is normal business practice to garnish wages.  Due to this being a normal practice and certain privacy issues, these amounts will not be listed.

---

**5.  Repossessions, foreclosures, and returns.**

☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of  foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.

---

**6.  Assignments and receiverships.**

☒

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.

☒

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.

**7. Gifts.**

[ ]

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.

**SEE ATTACHMENT 7**

---

**8. Losses.**

[X]

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.

---

**9. Payments related to debt counseling or bankruptcy.**

[ ]

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, or consultation concerning debt consolidation, relief under the bankruptcy laws, preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

**SEE ATTACHMENT 9**

---

**10. Other transfers.**

[X]

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the Debtor transferred either absolutely or as security within **two year** immediately preceding the commencement of this case.

[X]

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

**11. Closed financial accounts.**

[X]

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.

---

**12. Safe deposit boxes.**

[X]

List each safe deposit box or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case.

---

**13. Setoffs.**

[X]

List all setoffs made by any creditor, including a bank, against debts or deposits of the debtor within **90 days** preceding the commencement of this case.

---

**14. Property held for another person.**

[X]

List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor.**

none 

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.

**16. Spouses and Former Spouses**

none 

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purposes of this questions, the following definitions apply:

"Environmental Law" means any federal, state, of local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

none 

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may  be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

none 

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

none 

c. List all judicial or administrative proceedings, including settlements or order, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and  the docket number.

Note: A Phase 1 environmental study was completed. To date, no letters or claims have been received.

**18. Nature, location, and names of business.**

a.  If the Debtor is an individual, list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the Debtor owned 5 percent or more of the voting of equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a parent or owned 5 percent or more of the voting securities, within the **six years** immediately preceding the commencement of this case.

none  **SEE ATTACHMENT 18A**

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. subsection 101.

**19. Books, records and financial statements.**

none ☐

a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

**SEE ATTACHMENT 19A**

none ☐

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

**SEE ATTACHMENT 19B**
Note: 2009 audit is currently underway

none ☐

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.

  - Kurt Wilson, Chief Financial Officer, Executive Vice President, Treasurer, and Secretary for Centaur, LLC.
  - Tammy Schaeffer, Controller of Centaur, LLC.

none ☐

d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the Debtor.

**SEE ATTACHMENT 19D**

**20. Inventories.**

none ☒

a. List the dates of the last two inventories taken of the debtor's property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

none ☒

b. List the name and address of the person having possession of the records of each of the two inventories reported in 20a., above.

**21. Current Partners, Officers, Directors and Shareholders.**

none ☒

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

☐

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent of more of the voting securities of the corporation.

Note: Certain stockholders are transferring shares pending regulatory approval
**SEE ATTACHMENT 21B**

**22. Former partners, officers, directors, and shareholders.**

☒

a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

☒

b.  If the debtor is a corporation, list all officers, or directors whose relationships with the corporation terminated within **one year** immediately preceding the commencement of this case.

**23.  Withdrawals from a partnership or distributions by a corporation.**

☒

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during the year immediately preceding the commencement of this case.

**24.  Tax Consolidation Group**

☐

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-year** period immediately preceding the commencement of the case.

**SEE ATTACHMENT 24**

**25.  Pension Funds**

☒

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-yea**r period immediately preceding the commencement of the case.

**DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS**

I, Kurt Wilson, Chief Financial Officer, Executive Vice President, Treasurer, and Secretary of Centaur, LLC, declare under penalty of perjury that I have read the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Signature: _____     Date: _____May 5, 2010_____

Penalty for making a false statement: Fine of up to $500,000 , or imprisonment for up to 5 years, or both.  18 U.S.C. ss 152 and 3571.

**2. Income other than from employment or operation of business**

| YEAR | AMOUNT | SOURCE |
|------|-------:|--------|
| 2010 Year to Date | $163 | Interest Income |
| 2009 | $9,735 | Interest Income |
| 2008 | $699,623 | Interest Income |

**3b.  Payments made to creditors within the period December 7, 2009 - March 6, 2010**

| CREDITOR | DATE PAID | ADDRESS | CITY/REGION,  ZIP | AMOUNT |
|---|---|---|---|---|
| AFCO | 12/11/2009 | PO Box 4795 | Carol Stream, IL 60197 | $6,555 |
| AFCO | 12/22/2009 | PO Box 4795 | Carol Stream, IL 60197 | $10,456 |
| AFCO | 01/13/2010 | PO Box 4795 | Carol Stream, IL 60197 | $17,010 |
| AFCO | 02/25/2010 | PO Box 4795 | Carol Stream, IL 60197 | $10,456 |
| AFCO | 02/26/2010 | PO Box 4795 | Carol Stream, IL 60197 | $6,555 |
| AlixPartners, LLP | 03/04/2010 | 2101 Cedar Springs Rd , Suite 1100 | Dallas, TX 75201 | $100,000 |
| Baker & Daniels | 12/11/2009 | 300 North Meridian, Suite 2700 | Indianapolis, IN 46204 | $1,792 |
| Baker & Daniels | 12/22/2009 | 300 North Meridian, Suite 2700 | Indianapolis, IN 46204 | $396 |
| Baker & Daniels | 12/22/2009 | 300 North Meridian, Suite 2700 | Indianapolis, IN 46204 | $208 |
| Baker & Daniels | 01/13/2010 | 300 North Meridian, Suite 2700 | Indianapolis, IN 46204 | $782 |
| Baker & Daniels | 01/21/2010 | 300 North Meridian, Suite 2700 | Indianapolis, IN 46204 | $13,333 |
| Baker & Daniels | 02/10/2010 | 300 North Meridian, Suite 2700 | Indianapolis, IN 46204 | $99 |
| Baker & Daniels | 02/25/2010 | 300 North Meridian, Suite 2700 | Indianapolis, IN 46204 | $2,046 |
| Baker & Daniels | 03/04/2010 | 300 North Meridian, Suite 2700 | Indianapolis, IN 46204 | $990 |
| Blackstone Advisory Services | 12/11/2009 | 345 Park Avenue | New York, NY 10154 | $201,354 |
| Blackstone Advisory Services | 12/22/2009 | 345 Park Avenue | New York, NY 10154 | $209,402 |
| Blackstone Advisory Services | 01/29/2010 | 345 Park Avenue | New York, NY 10154 | $200,972 |
| Blackstone Advisory Services | 02/25/2010 | 345 Park Avenue | New York, NY 10154 | $201,482 |
| Bose Public Affairs Group | 12/11/2009 | 111 MONUMENT CIRCLE, SUITE 2700 | Indianapolis, IN 46204 | $10,250 |
| Bose Public Affairs Group | 02/25/2010 | 111 MONUMENT CIRCLE, SUITE 2700 | Indianapolis, IN 46204 | $10,250 |
| Clifton Gunderson LLP | 03/01/2010 | 9339 PRIORITY WAY WEST DRIVE, SUITE 200 | Indianapolis, IN 46240 | $22,675 |
| Colorado Division of Gaming | 02/26/2010 | Angela, PO Box 664091 | Indianapolis, IN 46266 | $2,500 |
| Colorado Division of Gaming | 03/03/2010 | Angela, PO Box 664091 | Indianapolis, IN 46266 | $2,500 |
| Consolidated INS Services, Inc | 03/01/2010 | 9333 N MERIDIAN ST #100 | Indianapolis, IN 46260 | $298,667 |
| Cynthia J. Barker | 12/11/2009 | 414 NORTH PARK AVENUE | Indianapolis, IN 46202 | $9,166 |
| Cynthia J. Barker | 01/13/2010 | 414 NORTH PARK AVENUE | Indianapolis, IN 46202 | $9,166 |
| Cynthia J. Barker | 02/10/2010 | 414 NORTH PARK AVENUE | Indianapolis, IN 46202 | $9,166 |
| Fox Rothschild | 03/04/2010 | 919 N. Market Street, Suite 1600 | Wilmington, DE 19809 | $12,468 |
| Gambs Mucker & Bauman | 12/22/2009 | 10 North 4th Street | LAFAYETTE, IN 47901 | $20,000 |
| Holme, Roberts & Owen, LLP | 02/16/2010 | Mark Jarboe, P.O. Box 1680 | Minneapolis, MN 55480-1680 | $17,368 |
| Holme, Roberts & Owen, LLP | 02/25/2010 | Mark Jarboe, P.O. Box 1680 | Minneapolis, MN 55480-1680 | $375 |
| Holme, Roberts & Owen, LLP | 03/01/2010 | Mark Jarboe, P.O. Box 1680 | Minneapolis, MN 55480-1680 | $250 |
| Houlihan Lokey | 01/21/2010 | 245 Park Avenue | New York, NY 10167 | $297,344 |
| Houlihan Lokey | 02/16/2010 | 245 Park Avenue | New York, NY 10167 | $150,526 |
| Ice Miller Legal & Business Ad | 01/29/2010 | One American Square, Suite 3100 | Indianapolis, IN 46282-0200 | $38,569 |
| Ice Miller Legal & Business Ad | 02/16/2010 | One American Square, Suite 3100 | Indianapolis, IN 46282-0200 | $11,000 |
| Ice Miller Legal & Business Ad | 02/16/2010 | One American Square, Suite 3100 | Indianapolis, IN 46282-0200 | $28,039 |
| Ice Miller Legal & Business Ad | 03/01/2010 | One American Square, Suite 3100 | Indianapolis, IN 46282-0200 | $97,718 |
| Ice Miller Legal & Business Ad | 03/02/2010 | One American Square, Suite 3100 | Indianapolis, IN 46282-0200 | $963 |
| Ice Miller Legal & Business Ad | 03/02/2010 | One American Square, Suite 3100 | Indianapolis, IN 46282-0200 | $22,000 |
| Ice Miller Legal & Business Ad | 03/04/2010 | One American Square, Suite 3100 | Indianapolis, IN 46282-0200 | $140,109 |
| Indiana Gaming Comm | 03/05/2010 | East Tower, Suite 1600, 101 W. Washington Street | Indianapolis, IN 46204 | $5,000 |
| Indiana Gaming Commission | 01/13/2010 | East Tower, Suite 1600, 101 W. Washington Street | Indianapolis, IN 46204 | $1,696 |
| Indiana Gaming Commission | 02/19/2010 | East Tower, Suite 1600, 101 W. Washington Street | Indianapolis, IN 46204 | $200 |
| Indiana Gaming Commission | 02/25/2010 | East Tower, Suite 1600, 101 W. Washington Street | Indianapolis, IN 46204 | $800 |
| Innovation Capital | 01/21/2010 | 225 S. Lake Avenue | Pasadena, CA 91101 | $7,586 |
| John J. Frick & Asso. | 12/11/2009 | One Indiana Square, Ste 150 | Indianapolis, IN 46204 | $41,665 |
| John J. Frick & Asso. | 01/13/2010 | One Indiana Square, Ste 150 | Indianapolis, IN 46204 | $41,665 |
| K Consulting LLC | 12/11/2009 | Hoosier Taxpayers Network, 133 W. Market St., Box 106 | Indianapolis, IN 46204 | $41,665 |
| K Consulting LLC | 01/13/2010 | Hoosier Taxpayers Network, 133 W. Market St., Box 106 | Indianapolis, IN 46204 | $41,665 |
| K Consulting LLC | 02/10/2010 | Hoosier Taxpayers Network, 133 W. Market St., Box 106 | Indianapolis, IN 46204 | $41,665 |
| Latham & Watkins LLP | 03/05/2010 | PO Box 894271 | Los Angeles, CA 90189-4271 | $193,767 |
| Latham & Watkins LLP | 01/11/2010 | PO Box 894271 | Los Angeles, CA 90189-4271 | $324,926 |
| Latham & Watkins LLP | 02/16/2010 | PO Box 894271 | Los Angeles, CA 90189-4271 | $129,251 |
| Latham & Watkins LLP | 03/01/2010 | PO Box 894271 | Los Angeles, CA 90189-4271 | $4,710 |

**3b. Payments made to creditors within the period December 7, 2009 - March 6, 2010**

| CREDITOR | DATE PAID | ADDRESS | CITY/REGION, ZIP | AMOUNT |
|---|---|---|---|---|
| McGladrey & Pullen, LLP | 12/11/2009 | 5155 Paysphere Circle | Chicago, IL 60674 | $60,000 |
| McGladrey & Pullen, LLP | 02/25/2010 | 5155 Paysphere Circle | Chicago, IL 60674 | $126,500 |
| Merrill Communications, LLC | 12/11/2009 | CM-9638 | ST, PAUL, MN 55170 | $1,993 |
| Merrill Communications, LLC | 01/13/2010 | CM-9638 | ST, PAUL, MN 55170 | $1,824 |
| Merrill Communications, LLC | 02/25/2010 | CM-9638 | ST, PAUL, MN 55170 | $1,972 |
| Merrill Communications, LLC | 03/02/2010 | CM-9638 | ST, PAUL, MN 55170 | $3,100 |
| Milam, Spolyar, Attorneys at L | 12/11/2009 | PO BOX 601, 310 N LEBANON ST | LEBANON, IN 46052 | $16,650 |
| Milam, Spolyar, Attorneys at L | 01/13/2010 | PO BOX 601, 310 N LEBANON ST | LEBANON, IN 46052 | $16,650 |
| Milam, Spolyar, Attorneys at L | 02/10/2010 | PO BOX 601, 310 N LEBANON ST | LEBANON, IN 46052 | $16,650 |
| Mutual of Omaha | 01/13/2010 | Cincinnati Group Office | Cincinnati, OH 45241 | $3,175 |
| Mutual of Omaha | 02/10/2010 | Cincinnati Group Office | Cincinnati, OH 45241 | $3,184 |
| PB Capital Corporation | 12/22/2009 | for MT Acquisitions, LLC, 2509 Solutions Center | Chicago, IL 60677 | $15,559 |
| PB Capital Corporation | 01/22/2010 | for MT Acquisitions, LLC, 2509 Solutions Center | Chicago, IL 60677 | $15,754 |
| PB Capital Corporation | 02/25/2010 | for MT Acquisitions, LLC, 2509 Solutions Center | Chicago, IL 60677 | $15,944 |
| Phillips & Phillips | 12/11/2009 | 301 W. Main St., P.O. Box 525 | Boonville, IN 47601 | $25,000 |
| Phillips & Phillips | 12/11/2009 | 301 W. Main St., P.O. Box 525 | Boonville, IN 47601 | $16,650 |
| Phillips & Phillips | 01/13/2010 | 301 W. Main St., P.O. Box 525 | Boonville, IN 47601 | $25,000 |
| Phillips & Phillips | 01/13/2010 | 301 W. Main St., P.O. Box 525 | Boonville, IN 47601 | $16,650 |
| Phillips & Phillips | 02/10/2010 | 301 W. Main St., P.O. Box 525 | Boonville, IN 47601 | $41,650 |
| Ropes & Gray LP | 12/11/2009 | 1211 AVENUE OF THE AMERICAS | New York, NY 10036-8704 | $11,597 |
| Ropes & Gray LP | 12/22/2009 | 1211 AVENUE OF THE AMERICAS | New York, NY 10036-8704 | $17,716 |
| Ropes & Gray LP | 02/25/2010 | 1211 AVENUE OF THE AMERICAS | New York, NY 10036-8704 | $2,010 |
| Samuels Solution Group | 03/02/2010 | PO Box 1245 | Indianapolis, IN 46206 | $12,500 |
| Sitrick Brinkco Group, LLC | 03/04/2010 | 1840 CENTURY PARK EAST, STE 800 | Los Angeles, CA 90067 | $15,000 |
| Standard Insurance Company | 12/22/2009 | Public Service Company of Colo, 1099 18th Street, Ste 3000 | Denver, CO 80202 | $1,471 |
| Standard Insurance Company | 12/22/2009 | Public Service Company of Colo, 1099 18th Street, Ste 3000 | Denver, CO 80202 | $1,470 |
| Standard Insurance Company | 01/21/2010 | Public Service Company of Colo, 1099 18th Street, Ste 3000 | Denver, CO 80202 | $2,942 |
| Standard Insurance Company | 02/25/2010 | Public Service Company of Colo, 1099 18th Street, Ste 3000 | Denver, CO 80202 | $2,977 |
| Steve Norton | 12/11/2009 | 700 Rozier St. | Alton, IL 62002 | $14,583 |
| Steve Norton | 01/13/2010 | 700 Rozier St. | Alton, IL 62002 | $14,583 |
| Steve Norton | 02/10/2010 | 700 Rozier St. | Alton, IL 62002 | $14,583 |
| Steve Norton | 03/01/2010 | 700 Rozier St. | Alton, IL 62002 | $18,098 |
| The Bank of New York | 12/22/2009 | 101 BARCLAY STREET, 7TH FLOOR WEST | New York, NY 10286 | $7,500 |
| The Columbia Club | 12/11/2009 | Ball Law Firm, P.O. Box 1535 | Lafayette, IN 47902 | $1,928 |
| The Columbia Club | 12/11/2009 | Ball Law Firm, P.O. Box 1535 | Lafayette, IN 47902 | $115 |
| The Columbia Club | 12/22/2009 | Ball Law Firm, P.O. Box 1535 | Lafayette, IN 47902 | $641 |
| The Columbia Club | 01/21/2010 | Ball Law Firm, P.O. Box 1535 | Lafayette, IN 47902 | $3,922 |
| The Columbia Club | 01/21/2010 | Ball Law Firm, P.O. Box 1535 | Lafayette, IN 47902 | $929 |
| The Columbia Club | 01/29/2010 | Ball Law Firm, P.O. Box 1535 | Lafayette, IN 47902 | $3,317 |
| The Columbia Club | 02/10/2010 | Ball Law Firm, P.O. Box 1535 | Lafayette, IN 47902 | $3,340 |
| The Columbia Club | 02/25/2010 | Ball Law Firm, P.O. Box 1535 | Lafayette, IN 47902 | $1,982 |
| The Innovation Group | 12/11/2009 | 400 N PETERS ST, SUITE 206 | NEW ORLEANS, LA 70130 | $1,640 |
| The Innovation Group | 12/22/2009 | 400 N PETERS ST, SUITE 206 | NEW ORLEANS, LA 70130 | $6,800 |
| The Strategic Campaign Group, | 01/21/2010 | 5101 MACARTHUR BLVD, NW, SUITE 200 | WASHINGTON, DC 20016 | $60,000 |
| The Strategic Campaign Group, | 02/25/2010 | 5101 MACARTHUR BLVD, NW, SUITE 200 | WASHINGTON, DC 20016 | $15,000 |
| Wells Fargo Corp Trust Service | 12/11/2009 | 354 N. 625 E. | AVON, IN 46123 | $11,250 |
| White & Case LLP | 12/11/2009 | Wachovia Financial Center, Suite 4900, 200 South Biscayne Boulevard | Miami, FL 33131-2352 | $98,899 |
| White & Case LLP | 01/11/2010 | Wachovia Financial Center, Suite 4900, 200 South Biscayne Boulevard | Miami, FL 33131-2352 | $111,815 |
| White & Case LLP | 02/16/2010 | Wachovia Financial Center, Suite 4900, 200 South Biscayne Boulevard | Miami, FL 33131-2352 | $119,713 |
| White & Case LLP | 03/04/2010 | Wachovia Financial Center, Suite 4900, 200 South Biscayne Boulevard | Miami, FL 33131-2352 | $137,714 |
| White & Case LLP | 12/11/2009 | Wachovia Financial Center, Suite 4900, 200 South Biscayne Boulevard | Miami, FL 33131-2352 | $100,000 |

**3c.  Payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders**

| NAME OF CREDITOR | RELATIONSHIP TO DEBTOR | ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | Payment Type |
|---|---|---|---|---|---|
| Kurt Wilson | CFO/Executive Vice President | 10 West Market Street, Suite 200, Indianapolis, IN 46204 | 7/13/09 - 3/1/10 | $410,731 | Payroll |
| Kurt Wilson | CFO/Executive Vice President | 10 West Market Street, Suite 200, Indianapolis, IN 46204 | 7/13/09 - 3/1/10 | $34,970 | Expenses |
| Rod Ratcliff | CEO/Chairman of the Board | 10 West Market Street, Suite 200, Indianapolis, IN 46204 | 3/30/2009 - 3/1/10 | $628,039 | Payroll |
| Rod Ratcliff | CEO/Chairman of the Board | 10 West Market Street, Suite 200, Indianapolis, IN 46204 | 3/30/2009 - 3/1/10 | $101,479 | Expenses |

Specific Notes:
(1) Kurt Wilson was on the payroll for Centaur, LLC during a portion of 2009.
(2) Amount paid represents the aggregate amount of normal payroll and expenses paid during this period.

**7. Charitable Gifts and Contributions**

| NAME OF PERSON OF ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION OF GIFT | VALUE OF GIFT |
|---|---|---|---|---|
| The Indianapolis Parks Foundation Event | None | 4/8/09 | Monetary | $5,000 |
| Robots to the Rescue! CPIRF/CP | None | 5/5/09 | Monetary | $5,000 |
| ARC Broward | None | 7/8/09 | Monetary | $150 |

**9.Payments related to debt counseling or bankruptcy**

| Firm | Address | CSZ | Amount |
|------|---------|-----|--------|
| AlixPartners, LLP | 2101 Cedar Springs Rd , Suite 1100 | Dallas, TX 75201 | $100,000 |
| Blackstone Advisory Services | 345 Park Avenue | New York,  NY 10154 | $813,209 |
| Fox Rothschild | 919 N. Market Street, Suite 1600 | Wilmington, DE 19809 | $12,468 |
| Ice Miller Legal & Business Ad | One American Square, Suite 3100 | Indianapolis, IN 46282-0200 | $111,737 |
| White & Case LLP | Wachovia Financial Center 200 South Biscayne Blvd, Ste 4900 |  Miami, FL 33131 | $568,141 |

**Centaur, LLC**

**Attachment 18a**

**Case Number: 10-10799**

**18a. If the debtor is a corporation, list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a parent or owned 5 percent or more of the voting securities, within the six years immediately preceding the commencement of this case.**

| NAME | COMPLETE EIN OR OTHER TAXPAYER I.D. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Centaur Pennsylvania, LLC | None | 10 West Market Street, Suite 200, Indianapolis, IN 46204 | Racing | 12/16/2002 - present |
| Centaur Colorado, LLC | 48-1279131 | 12364 W. Alameda Parkway, Suite 145Q, Lakewood, CO 80228 | Casino/Hotel | 12/16/2002 - present |
| Centaur Indiana, LLC | None | 10 West Market Street, Suite 200, Indianapolis, IN 46204 | Racing/Casino | 12/5/2006 - present |
| Centaur Racing, LLC | None | 10 West Market Street, Suite 200, Indianapolis, IN 46204 | Racing/Casino | 12/16/2002 - present |
| Centaur BC Land, LLC | None | 10 West Market Street, Suite 200, Indianapolis, IN 46204 | Racing | 10/19/2007 - present |
| Centaur Maryland, LLC | None | 10 West Market Street, Suite 200, Indianapolis, IN 46204 | Racing | 12/7/02 - 2/20/08 |

**19a.  Accountants, Bookkeepers Supervising Books Records and Financial Statements**

| SUPERVISOR | TITLE | ADDRESS | CITY, STATE & ZIP | PERIOD |
|---|---|---|---|---|
| Tammy Schaeffer | Controller | 10 West Market Street, Suite 200 | Indianapolis, IN 46204 | 2008 - present |
| Marcia Wiedelman | Office Manager | 10 West Market Street, Suite 200 | Indianapolis, IN 46204 | 2008 - present |
| Monica Faulds | Accounting Manager | 10 West Market Street, Suite 200 | Indianapolis, IN 46204 | 3/2008 - 12/2008 |

**19b. Auditors for the previous two years.**

| YEAR | AUDIT FIRM | ADDRESS | CITY, STATE & ZIP | NOTES |
|------|-----------|---------|-------------------|-------|
| 2007 - 2008 | McGladrey & Pullen, LLP | 555 17th Street, Suite 1000 | Denver, CO 80202-3910 | |

**19d. Creditors and Financial Institutions who received financial statements issued by the debtor**

| NAME | ADDRESS | CITY, STATE & ZIP | DATE ISSUED |
|---|---|---|---|
| Credit Suisse AG Cayman Islands Banks | 11 Madison Avenue | New York, NY 10010 | Available upon request |
| Wells Fargo Bank, N.A. | 45 Broadway, 17th Floor | New York, NY 10006 | Available upon request |

Specific Note: Financial statements were distributed to lender group agents via Intralinks dataroom

**21b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent of more of the voting securities of the corporation.**

| NAME | ADDRESS | Title | Nature and Percentage of Stock Ownership |
|------|---------|-------|------------------------------------------|
| Roderick J. Ratcliff | 5172 Gardenia Court, West Lafayette, IN 47906 | CEO/Chairman of the Board | 23.2% - Common Stock |
| R. Michael O'Malley | 4021 Arrowwood Ct., Bonita Springs, FL 34134 | Shareholder | 21.4% - Common Stock |
| A&R Roderick J. Ratcliff, GRAT | 134 S. Maple Street, PO Box 96, Pittsboro, IN 46167 | Shareholder | 6.33% - Common Stock |
| Robert M. O'Malley, GRAT | 415 Columbia St., Ste 2000, PO Box 970, Lafayette, IN 47901 | Shareholder | 6.33% - Common Stock |
| Steven R Schreckengast | 325 S Earl Ave., Ste 4, Lafayette, IN 47904 | Board Member | |
| Michael V. Raisor | PO Box 5028, Lafayette, IN 47903 | Board Member | |
| Kurt Wilson | 3515 W. Canterbury Dr., Lafayette, IN 47909 | CFO/Executive Vice President | |
| H. Steven Norton | 700 Rozier St., Alton, IL  62002 | Board Member | |

Specific Notes:

In 2009 there were a number of shareholder transactions that are pending approval by the Colorado Department of Gaming.  If approved, those holding 5 percent or more of the voting securities of the corporation would be as follows:

| | | | |
|------|---------|-------|------------------------------------------|
| Roderick J. Ratcliff | 5172 Gardenia Ct., West Lafayette, IN  47906 | CEO/Chairman of the Board | 32.041283% - Common Stock |
| R. Michael O'Malley | 4021 Arrowwood Ct., Bonita Springs, FL  34134 | Shareholder | 21.365278% - Common Stock |
| Kurt E. Wilson | 3515 W. Canterbury Dr., Lafayette, IN  47909 | CFO/EVP/Shareholder | 11.973712% - Common Stock |
| H. Steven Norton | 700 Rozier St., Alton, IL  62002 | Shareholder | 8.750880%  -  Common Stock |

Information on the nature and percentage of equity ownership in the table set forth above is with respect to Centaur, Inc. the indirect ultimate parent of the Debtor.  The titles of the individuals listed in the table above are the titles of such individuals in their capacity as directors or officers of Centaur, Inc.  Information on the other Debtors that own, control or hold directly or indirectly 5 percent or more of the membership interests in the Debtor appears in Exhibits B13 and B14 of the Debtor's schedules of assets and liabilities.

**24.  Tax Consolidation Group - Name & Tax ID's**

| ENTITY | | FEDERAL TAX ID NUMBER |
|---|---|---|
| Centaur, Inc. | | 35-1877786 |