# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : Chapter 11 |
| CENTAUR, LLC, et al.,[1] | : Case No. 10-10799 (KJC) |
| Debtors. | : (Jointly Administered) |
| | : Re: Docket No. 235, 262, 264, 276, 471, 582, 764, 766, 768 |

### ORDER (I) APPROVING THE DISCLOSURE STATEMENT RELATING TO THE FOURTH AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR CENTAUR, LLC AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION, VOTING AND TABULATION PROCEDURES FOR THE PLAN AND PLAN CONFIRMATION PROCESS; (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE OF DISTRIBUTION THEREOF; AND <u>(IV) SCHEDULING A HEARING ON PLAN CONFIRMATION</u>

Upon (a) the certification of counsel, dated October 18, 2010, with respect to the disclosure statement, dated October 18, 2010 [D.I. 766] (as such disclosure statement may be amended from time to time, the "Disclosure Statement"), relating to the Fourth Amended Joint Chapter 11 Plan of Reorganization for Centaur, LLC and Its Affiliated Debtors, dated October 18, 2010 [D.I. 764] (as may be amended from time to time, the "Plan") and (b) the record of the hearing held on September 7, 2010 (the "Disclosure Statement Hearing") to consider (y) the approval of the disclosure statement, dated September 3, 2010 (as amended on the record during the Disclosure Statement Hearing), relating to the Fourth Amended Joint Chapter 11 Plan of Reorganization for Centaur, LLC and Its Affiliated Debtors, dated September 3, 2010 (as

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Centaur, LLC (8148); Centaur Colorado, LLC (9131); Centaur Indiana, LLC; Centaur Racing, LLC; Hoosier Park, L.P. (0820); HP Dining & Entertainment, LLC; Centaur Pennsylvania, LLC; VVD Properties General Partner, LLC; Valley View Downs GP, LLC; VVD Properties, LP (6808); Valley View Downs, LP (1028); Centaur PA Land Management, LLC; Centaur PA Land General Partner, LP; and Centaur PA Land, LP. Debtors Centaur PA Land, LP and Valley View Downs, LP filed their chapter 11 petitions on October 28, 2009. The remaining Debtors filed their chapter 11 petitions on March 6, 2010.

amended on the record during the Disclosure Statement Hearing), and (z) the motion dated May 7, 2010 (the "Motion")[2] of the affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases for entry of an order (i) approving the Disclosure Statement; (ii) approving the form of ballots and proposed solicitation, voting and tabulation procedures for the Plan, and the Plan confirmation process; (iii) approving the Solicitation Packages and prescribing the form and manner of notice and distribution thereof; and (iv) scheduling a confirmation hearing on the Plan; and upon consideration of the objections to the Disclosure Statement (the "Objections") and the replies to the Objections; and it appearing that the Court has jurisdiction over this matter; and due and proper notice of the Motion, Disclosure Statement and Disclosure Statement Hearing (in the form attached to the Motion as Exhibit E), having been given; and it appearing that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and equity interest holders; and upon the record of the Disclosure Statement Hearing and all the proceedings had before the Court; and the Court having determined after due deliberation that the Disclosure Statement contains adequate information, as such term is defined in section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"); and sufficient cause appearing therefor, it is hereby

ORDERED that, in accordance with section 1125 of the Bankruptcy Code and Rule 3017(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Disclosure Statement is hereby approved; and it is further

ORDERED that the Objections, to the extent not resolved by modifications to the Disclosure Statement, are hereby overruled; and it is further

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in

ORDERED that, in accordance with Bankruptcy Rule 3017(c), the date and time set as the deadline for voting on the Plan shall be December 3, 2010 at 4:00 p.m., Eastern Time (the "Voting Deadline"); and it is further

ORDERED that, in accordance with Bankruptcy Rule 3018(c), a hearing to consider confirmation of the Plan and any objections that may be interposed prior to such hearing (the "Confirmation Hearing") shall be held before the Honorable Kevin J. Carey, Chief United States Bankruptcy Judge, at 824 North Market Street, 5th Floor, Wilmington, Delaware, commencing on December 13, 2010 at 10:00 a.m., Eastern Time; and it is further

ORDERED that the Confirmation Hearing may be adjourned from time to time without further notice other than announcement made at the Confirmation Hearing or any adjourned hearing; and it is further

ORDERED that, in accordance with Bankruptcy Rules 3020(b) and 9006(c)(1), objections, if any, to the confirmation of the Plan must be in writing, and must (i) state the name and address of the objecting party and the nature and amount of the claim or equity interest of such party, (ii) state with particularity the basis and nature of each objection to confirmation of the Plan and (iii) be filed, together with proof of service, with the Court and served so as to be received no later than 4:00 p.m., Eastern Time, on December 3, 2010 (the "Plan Objection Deadline"), by the Court and the following parties: (a) Co-Counsel for the Debtors: White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131, Attn: Michael C. Shepherd, Esq., and Fox Rothschild LLP, 919 North Market Street, Suite 1600, Wilmington, Delaware 19801, Attn: Jeffrey M. Schlerf, Esq.; (b) Counsel for the Committee: Blank Rome LLP, One Logan Square, 130 North 18th Street, Philadelphia, Pennsylvania 19103, Attn:

---

the Motion, the Plan or the Disclosure Statement.

Michael B. Schaedle, Esq., and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware, Attn: David W. Carickhoff, Esq.; (c) Co-Counsel for the administrative agent to the First Lien Lenders: Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn: Mitchell A. Seider, Esq., and Duane Morris LLP, Suite 1200, 1100 North Market Street, Wilmington, Delaware 19801, Attn: Michael R. Lastowski, Esq.; (d) Co-Counsel for the administrative agent to the Second Lien Lenders: Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris, Esq., and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn: John H. Knight, Esq.; and (e) the Office of the United States Trustee, District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Richard L. Schepacarter, Esq.; and it is further

ORDERED that all Plan Documents shall be filed with the Court as part of the Plan Supplement not less than fifteen (15) Business Days prior to the commencement of the Confirmation Hearing; provided, however, that any Plan Documents that are or may be subject to confidentiality provisions or otherwise contain confidential or proprietary information may be filed in redacted form under seal; and it is further

ORDERED that, notwithstanding the Plan Objection Deadline, the deadline for any objection to the forms or terms of the Plan Documents included in the Plan Supplement or the information contained in those Plan Documents and not previously disclosed in the Disclosure Statement shall be the later of (a) the Plan Objection Deadline and (b) the eighth (8th) business day following the filing by the Debtors of the Plan Supplement that includes those Plan Documents; and it is further

ORDERED that, pursuant to Bankruptcy Rules 3017(c) and 3018(a), the date for purposes of determining the creditors and equity interest holders entitled to vote on the Plan or, in the case of non-voting classes, for purposes of determining the creditors and equity interest holders entitled to receive certain non-voting materials, shall be October 1, 2010 (the "Record Date"); and it is further

ORDERED that, with respect to the Record Date, the record holders of Claims and Equity Interests will be determined based upon the following: (a) with respect to bank syndicates or other similarly situated creditor groups entitled to vote on the Plan, the records of the applicable agent bank or similarly situated agent as of the Record Date to the extent of the total amount reflected in the books and records of the Debtors; and (b) with respect to holders of scheduled and filed Claims entitled to vote on the Plan or otherwise receive a Notice of Non-Voting Status – Unimpaired Classes, the records of AlixPartners, LLP ("AlixPartners") as of the Record Date; and it is further

ORDERED that any notices of claim transfers received by bank agents, AlixPartners or other similarly situated registrars after the Record Date shall not be recognized for purposes of voting on the Plan; and it is further

ORDERED that the forms of Ballots substantially in the forms attached hereto as Exhibit A are approved; and it is further

ORDERED that, to the extent the Plan is confirmed, a vote to accept the Plan shall result in the deemed consent of such holder to the releases contained in Section 17.2 of the Plan to the fullest extent permitted by applicable law; and it is further

ORDERED that each holder of a Class 3 – Second Lien Claim, a Class 5 – Valley View Downs Unsecured Claim or a Class 6 – General Unsecured Claim entitled to vote on the

MIAMI 870424 (2K)

5

Plan, and who votes to accept the Plan, shall be allowed to make the Convenience Class Election on its Ballot, indicating whether it (a) agrees to treatment for holders of Class 3 – Second Lien Claims, Class 5 – Valley View Downs Unsecured Claims or Class 6 – General Unsecured Claim, as applicable, under the Plan or (b) elects to be treated as a holder of a Class 7 – Convenience Claim under the Plan; provided, however, that if a Ballot is submitted with such Convenience Class Election, but without indicating a vote to accept or reject the Plan, then such holder of Claims shall be deemed to vote to accept the Plan; and it is further

ORDERED that the following additional procedures with respect to voting on the Plan are hereby approved:

a. if a Claim is deemed Allowed pursuant to the Plan, then such Claim shall be allowed for voting purposes in the amount and classification deemed Allowed in the Plan;

b. except as otherwise provided herein, if a filed proof of claim asserts a Claim in a wholly undetermined or unliquidated amount or is docketed in the Claims Registry as of the Record Date in the amount of $0, then such Claim shall be allowed for voting purposes as a Class 5 – Valley View Downs Unsecured Claim or Class 6 – General Unsecured Claim, as applicable, only in the amount of $1.00;

c. except as otherwise provided herein, if a filed proof of claim asserts a Claim in a partially undetermined or unliquidated amount, then such Claim shall be allowed for voting purposes only in the amount of the known or liquidated portion of the Claim;

d. if a Claim has been estimated by an order of the Court, then such Claim will be allowed for voting purposes in the amount approved by the Court, provided that such order is entered on or before the Voting Deadline;

e. unless the Debtors have consented in writing, if a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, then such Claim shall be disallowed for voting purposes;

MIAMI 870424 (2K)

f.  notwithstanding anything else provided herein, but subject to any order of the Court pursuant to Bankruptcy Rule 3018, if the Debtors have objected to a claim by serving an objection, motion, adversary proceeding or otherwise to the entirety of a Claim on or before the date of the entry of the Disclosure Statement Order, then such Claim shall be disallowed for voting purposes;

g.  notwithstanding anything else provided herein, but subject to any order of the Court pursuant to Bankruptcy Rule 3018, if the Debtors have objected to a Claim by serving an objection, motion, adversary proceeding or otherwise to a portion of a claim on or before the date of the entry of the Disclosure Statement Order, then the Claim shall be allowed for voting purposes only in the undisputed amount that is set forth in the pending objection;

h.  notwithstanding anything else provided herein, but subject to any order of the Court pursuant to Bankruptcy Rule 3018, if the Debtors have objected to a Claim by serving an objection, motion, adversary proceeding or otherwise to the classification of all or part of a claim on or before the date of the entry of the Disclosure Statement Order (including any requests to subordinate or recharacterize such claim), then the Claim shall be allowed for voting purposes only in the amount and classification that is set forth in the pending objection (if any);

i.  unless such Claim has been Allowed as to all or part of the Claim, if the Debtors have objected to a Claim by serving an objection, motion, adversary proceeding or otherwise to a proof of claim based upon the Claim being asserted against the wrong Debtor, then the Claim shall be allowed for voting purposes only in the undisputed amount and against the Debtor as set forth in the pending objection;

j.  except as otherwise provided herein or otherwise provided by an order of the Court, including the Disclosure Statement Order approving these Solicitation and Voting Procedures, the allowed amount of any proof of claim for voting purposes shall be the amount as docketed in the Claims Registry as of the Record Date;

k.  unless otherwise provided by an order of the Court or otherwise provided herein, for purposes of determining eligibility to vote, the classification of a Claim shall be determined based on the classification as docketed in the Claims Registry as of the Record Date; provided, however, that any Claims for which AlixPartners is unable to identify the classification shall be classified as Class 5 – Valley View Downs Unsecured Claims or Class 6 – General Unsecured Claims, as applicable;

l.  except as otherwise provided herein, if a single proof of claim has been filed against multiple Debtors (in contravention of the Proposed Bar Date Order), then such Claim shall be entitled to a single vote on the Plan with respect to such Claim, against the Debtor as docketed in the Claims Registry as of the Record Date;

m.  except as otherwise provided herein, if duplicate proofs of claim have been filed against one or more Debtors, then such claims shall be entitled to a single vote on the Plan with respect to such claims, against the Debtor as docketed in the Claims Registry as of the Record Date;

n.  except as otherwise provided herein or as necessary to tabulate votes on the Plan on a non-consolidated basis by class and by Debtor for the purpose of determining whether the Plan satisfies sections 1129(a)(8) and/or (10) of the Bankruptcy Code with respect to each Debtor, if proofs of claim have been filed against multiple Debtors based on Claims for which only a single satisfaction would be permitted under applicable law (i.e., guarantee claims or claims for joint or joint and several liability), then such Claims will be entitled to a single vote on the Plan with respect to such Claims;

o.  notwithstanding anything herein to the contrary, the vote of each holder of a Class 2 – First Lien Claim, Class 3 – Second Lien Claim, Class 6 – Unsecured Claim, Class 7 – Convenience Claim or Class 8 – Intercompany Claim on the Plan shall be treated as a separate vote as to each Debtor against which such Claim may be asserted (e.g., as a direct claim, as a guarantee claim or on account of joint and several liability) and shall be tabulated on a non-consolidated basis by class and by Debtor for the purpose of determining whether the Plan satisfies sections 1129(a)(8) and/or (10) of the Bankruptcy Code with respect to each Debtor;

p.  if a Claim is Allowed pursuant to a Court-approved settlement on or before five (5) days prior to the Voting Deadline, then such Claim will be entitled to vote on the Plan in accordance with the terms of such settlement;

q.  if a proof of claim asserts a Claim that is not in U.S. dollars, such Claim will be treated as unliquidated and allowed for voting purposes only in the amount of $1.00;

r.  if (i) a proof of claim was filed after the applicable bar date, (ii) the creditor did not obtain leave to file such late Claim and (iii) the proof of claim is not docketed in the Claims Registry as of the Solicitation Date (as defined below) as an amendment of a timely

      filed Claim, then such Claim shall be disallowed for voting purposes;

 s. if a proof of claim does not list a Debtor or the Debtor is unidentifiable on the proof of claim, then such Claim shall be disallowed for voting purposes;

 t. if a Claim is disallowed pursuant to section 502(d) of the Bankruptcy Code or is equitably subordinated or recharacterized under the Bankruptcy Code or other applicable law, then such Claim shall be disallowed for voting purposes;

 u. if the Debtors list a Claim in their Schedules and the creditor filed a proof of claim superseding such scheduled Claim, the scheduled Claim is deemed superseded in accordance with Bankruptcy Rule 3003(c)(4) and shall be disallowed for voting purposes, and such filed Claim shall control for voting purposes; and

 v. in addition to the foregoing, the Debtors may seek an order of the Court disallowing a Claim for voting purposes at any time prior to November 20, 2010;

and it is further

  ORDERED that following approval of the Disclosure Statement, but beginning no earlier than October 15, 2010 and ending no later than October 20, 2010, the Debtors shall distribute or cause to be distributed Solicitation Packages containing copies of the following:

 a. the Disclosure Statement Order (excluding exhibits);

 b. the notice of Confirmation Hearing, substantially in the form attached hereto as <u>Exhibit B</u> (the "Confirmation Hearing Notice");

 c. the applicable Ballot(s), substantially in the forms attached hereto as <u>Exhibit A</u>, and a preaddressed, postage prepaid return envelope;

 d. either (i) a CD-ROM containing the Disclosure Statement (together with the Plan attached thereto) or (ii) a hard copy of the Disclosure Statement (together with the Plan attached thereto);

and such Solicitation Packages may also contain a letter from the Debtors urging creditors to vote in favor of the Plan; and it is further

ORDERED that the Debtors shall mail the Solicitation Packages no earlier than October 15, 2010 and no later than October 20, 2010 (the date of mailing being referred to herein as the "Solicitation Date"), absent relief from the Court, to:

    a.    subject to subsection (c) below, record holders of scheduled Claims, as of the Record Date, to the extent that such Claims (i) are listed in the Debtors' Schedules in an amount greater than zero and are not identified as contingent, unliquidated or disputed, (ii) have not been superseded by a timely filed Claim, and (iii) entitle the holder thereof to vote on the Plan;

    b.    subject to subsection (c) below, record holders of filed Claims, as of the Record Date, to the extent that such Claims (i) are the subject of timely filed proofs of claim or, if a proof of claim was filed after the applicable bar date, (y) the creditor has obtained leave to file such Claim after the applicable bar date or (z) the proof of claim is docketed in the Claims Registry as of the Solicitation Date as an amendment to a timely filed Claim, (ii) have not been disallowed, expunged, disqualified or suspended prior to the Record Date, (iii) are not the subject of a pending objection as of the date set forth in this Order unless, notwithstanding being the subject of an objection, the Solicitation and Voting Procedures entitle such claimant to vote on the Plan in the manner set forth in the Solicitation and Voting Procedures and (iv) entitle the holders thereof to vote on the Plan; and

    c.    with respect to syndicated bank debt or other similarly situated creditor groups, the participating lenders, as provided by the agent bank or other similarly situated agent as of the Record Date, or, if requested by the agent bank, the agent bank to forward to the participating lenders, in order to permit the holders of the applicable syndicated bank debt or other similarly situated debt to vote on the Plan with respect to their separate Claims against each Debtor's estate.

and it is further

ORDERED that if service by CD-ROM imposes a hardship for any creditor (e.g., the creditor does not own or have access to a computer or the Internet), the Debtors, upon request to AlixPartners at (888) 369-8913, shall deliver by first class mail a paper copy of the Plan and

Disclosure Statement at no cost to the creditor or equity holder within five (5) business days of receipt of such request; and it is further

ORDERED that the Debtors shall distribute or cause to be distributed by the Solicitation Date, the Solicitation Package without a (i) Ballot or (ii) a return envelope to (a) the U.S. Trustee; (b) the attorneys for the agents under the Debtors' prepetition secured credit facilities; (c) the attorneys for the Committee; (d) the Securities and Exchange Commission; (e) the District Director of the Internal Revenue Service; (f) the Department of Justice; (g) all counterparties to the Debtors' executory contracts and unexpired leases; (h) all parties requesting notice pursuant to Bankruptcy Rule 2002; and (i) any taxing authorities to which the Debtors' operations are subject; and it is further

ORDERED that the Debtors shall be excused from distributing Solicitation Packages to those entities listed at addresses to which undeliverable mailings were previously sent, unless the Debtors receive written notice of accurate addresses for such entities prior to the Disclosure Statement Hearing; and it is further

ORDERED that the following additional procedures with respect to the solicitation of votes on the Plan are hereby approved:

- Publication Notice:

    Not less than twenty (20) days prior to the Plan Objection Deadline, the Debtors may but are not required to cause a consolidated notice of Confirmation Hearing, substantially similar to the forms attached hereto as Exhibits C, D and E, to be published once in The Indianapolis Star, The Pittsburgh Post-Gazette and The Denver Post. Additionally, the Debtors will publish the Confirmation Hearing Notice electronically at http://www.deb.uscourts.gov and http://www.centaurgaminginfo.com.

- Solicitation and Tabulation Agent:

    The Debtors will be using an agent for purposes of distributing Solicitation Packages and tabulating votes on the Plan. The Solicitation and Tabulation Agent will be responsible for the distribution of

Solicitation Packages to, and tabulation of Ballots received from, the entities such agent solicited.

- Return of Ballots:

    Each claimant that has a Claim or Equity Interest for which a Claim amount may be determined and which Claim is not treated as unimpaired under the Plan as of the Voting Deadline or placed in a class deemed to reject the Plan is entitled to vote to accept or reject the Plan. All Ballots will be accompanied by return postage prepaid envelopes addressed to be returned as directed. All Ballots must be <u>actually received</u> by the Solicitation and Tabulation Agent by the Voting Deadline. If Ballots are not <u>actually received</u> by the Solicitation and Tabulation Agent by the Voting Deadline, they will not be counted.

- Inquiries:

    All inquiries related to the Plan, the Disclosure Statement, and the Solicitation and Voting Procedures should be directed to the Solicitation and Tabulation Agent at the phone number set forth on the appropriate Ballot;

and it is further

ORDERED that the Debtors shall send to such holders of unimpaired claims in the Unimpaired Classes a notice of non-voting status, substantially in the form attached hereto as <u>Exhibit C</u> (the "Notice of Non-Voting Status – Unimpaired Classes"), which identifies the classes designated as unimpaired, informs the claimant of the Confirmation Hearing date and the Plan Objection Deadline, and sets forth that a copy of the Plan and Disclosure Statement may be obtained <u>via</u> the internet at http://www.deb.uscourts.gov and http://www.centaurgaminginfo.com, hard copy or CD-ROM upon request to AlixPartners at (888) 369-8913, as therein provided; and it is further

ORDERED that the Notice of Non-Voting Status – Unimpaired Classes satisfies the requirements of Bankruptcy Rule 3017(d) and, accordingly, copies of the Disclosure Statement and exhibits thereto, including the Plan, which is attached as <u>Exhibit A</u> to the

12

Disclosure Statement, need not be mailed to any holder of an unimpaired Claim or Equity Interest unless such party makes a specific request for the same; and it is further

ORDERED that the Debtors shall send to such holders of Class 9 – Equity Interests that are not entitled to receive any distribution under the Plan a notice of non-voting status, substantially in the form attached hereto as <u>Exhibit D</u> (the "Notice of Non-Voting Status – Deemed Rejecting Classes"), which identifies the classes designated as being deemed to have rejected the Plan, informs the Equity Interest holder of the Confirmation Hearing date and the Plan Objection Deadline, and sets forth that a copy of the Plan and Disclosure Statement may be obtained <u>via</u> the internet at http://www.deb.uscourts.gov and http://www.centaurgaminginfo.com, hard copy or CD-ROM upon request to AlixPartners at (888) 369-8913, as therein provided; and it is further

ORDERED that the Notice of Non-Voting Status – Deemed Rejecting Classes satisfies the requirements of Bankruptcy Rule 3017(d) and, accordingly, copies of the Disclosure Statement and exhibits thereto, including the Plan, which is attached as <u>Exhibit A</u> to the Disclosure Statement, need not be mailed to any holder of an Equity Interest that has been deemed to have rejected the Plan unless such party makes a specific request for the same; and it is further

ORDERED that the following procedures (the "Tabulation Procedures") are hereby approved:

    a.    Votes on the Plan will be tabulated on a non-consolidated basis by class and by Debtor for the purpose of determining whether the Plan satisfies sections 1129(a)(8) and/or (10) of the Bankruptcy Code with respect to each Debtor.

    b.    A vote shall be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

MIAMI 870424 (2K)

c.  Any Ballot that is returned to the Solicitation and Tabulation Agent, but which is unsigned, or has a non-original signature, shall <u>not</u> be counted, unless otherwise ordered by the Court.

d.  Any Ballot that is illegible or contains insufficient information to permit identification of the claimant shall not be counted, unless otherwise ordered by the Court.

e.  All votes to accept or reject the Plan must be cast by using the appropriate Ballot and in accordance with the Solicitation and Voting Procedures set forth in this Order and/or as set forth on the Ballot (as may be applicable). Votes that are cast in any other manner shall <u>not</u> be counted, unless otherwise ordered by the Court.

f.  A holder of Claims in more than one class must use separate Ballots for each class of Claims entitled to vote to accept or reject the Plan.

g.  If multiple Ballots are received for a holder of Claims voting the same Claims, the last Ballot received, as determined by the Solicitation and Tabulation Agent from such holder prior to the Voting Deadline shall be the Ballot that is counted, unless otherwise ordered by the Court.

h.  If multiple Ballots are received from different holders purporting to hold the same Claim, in the absence of contrary information establishing which claimant held such Claim as of the Record Date, the last Ballot received prior to the Voting Deadline shall be the Ballot that is counted, unless otherwise ordered by the Court.

i.  If multiple Ballots are received from a holder of a Claim and someone purporting to be his, her, or its attorney or agent, the Ballot received from the holder of the Claim will be the Ballot that is counted, and the vote of the purported attorney or agent shall <u>not</u> be counted, unless otherwise ordered by the Court.

j.  Except as otherwise provided herein or otherwise ordered by the Court, a Ballot that is completed, but on which the claimant did not indicate whether to accept or reject the Plan or that indicates both an acceptance and rejection of the Plan shall <u>not</u> be counted.

k.  A Class 3 – Second Lien Claim Ballot, a Class 5 – Valley View Downs Unsecured Claim Ballot or a Class 6 – General Unsecured Claim Ballot, as applicable, that is completed, but on which the claimant did not indicate whether to accept or reject the Plan or that indicates both an acceptance and rejection of the Plan <u>and</u> also

MIAMI 870424 (2K)

elects the Convenience Class Election shall be deemed to be a vote to accept the Plan, unless otherwise ordered by the Court.

l. A Class 3 – Second Lien Claim Ballot, a Class 5 – Valley View Downs Unsecured Claim Ballot or a Class 6 – General Unsecured Claim Ballot, as applicable, that is completed, but on which the claimant did not indicate whether to elect the Convenience Class Election or that indicates both an agreement to treatment as a Class 3 – Second Lien Claim, a Class 5 – Valley View Downs Unsecured Claim or a Class 6 – General Unsecured Claim, as applicable, and a Convenience Class Election shall <u>not</u> be deemed a Convenience Class Election, unless otherwise ordered by the Court.

m. Any Ballot that partially accepts and partially rejects the Plan shall <u>not</u> be counted, unless otherwise ordered by the Court.

n. A holder of Claims shall be deemed to have voted the full amount of its Claim in each class and shall <u>not</u> be entitled to split its vote within a class.

o. If no votes to accept or reject the Plan are received with respect to a particular class, such class shall be treated as having no Claims in such class and shall not be counted as having accepted or rejected the Plan.

p. The Solicitation and Tabulation Agent shall not tabulate a vote received by facsimile, telecopy transmission or electronic mail, unless otherwise ordered by the Court or as otherwise agreed by the Debtors.

q. For the purpose of voting on the Plan, the Solicitation and Tabulation Agent will be deemed to be in constructive receipt of any Ballot timely delivered to any address or designee that the Solicitation and Tabulation Agent designates for the receipt of Ballots cast on the Plan;

and it is further

ORDERED that any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that the superseding Ballot is received by the Solicitation and Tabulation Agent on or before the Voting Deadline; and it is further

MIAMI 870424 (2K)

ORDERED that unless otherwise agreed to by the Debtors, entities desiring to change their votes after the Voting Deadline may do so only with approval of the Court for "cause" pursuant to Bankruptcy Rule 3018(a) by filing a motion with the Court on or before the Plan Objection Deadline so that it may be heard and considered at the Confirmation Hearing; and it is further

ORDERED that the Debtors shall provide to all creditors and equity holders as of the Record Date a copy of either of the following notices, to be sent contemporaneously with the Solicitation Packages, (i) the Confirmation Hearing Notice, setting forth (a) the date of approval of the Disclosure Statement; (b) the Record Date; (c) the Voting Deadline; (d) the Plan Objection Deadline; and (e) the time, date and place for the Confirmation Hearing, or (ii) the applicable Notice of Non-Voting Status, setting forth (a) the date of approval of the Disclosure Statement; (b) the Plan Objection Deadline; and (c) the time, date and place for the Confirmation Hearing; and it is further

ORDERED that the Debtors may but are not required to publish the Confirmation Hearing Notice, not less than twenty (20) days before the Plan Objection Deadline, in each of The Indianapolis Star, The Pittsburgh Post-Gazette and The Denver Post; the Debtors shall also publish the Confirmation Hearing Notice electronically at http://www.deb.uscourts.gov and http://www.centaurgaminginfo.com; and it is further

ORDERED that the forms of notice of the Confirmation Hearing in substantially the forms attached hereto as Exhibits C, D and E are hereby approved; and it is further

ORDERED that the provision of notice in accordance with the procedures set forth in this Order shall be deemed good and sufficient notice of the Confirmation Hearing, the Voting Deadline and the Plan Objection Deadline; and it is further

MIAMI 870424 (2K)

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the implementation of this Order.

Dated: October 2͞0͞, 2010
Wilmington, Delaware

_____
CHIEF UNITED STATES BANKRUPTCY JUDGE

MIAMI 870424 (2K)